## QUANTZ v. RAILROAD.

### (Filed December 6, 1904).

NEGLIGENCE—*Licenses—Railroads.*

> Where the public is licensed to pass through a railway station the railroad company is not liable for injuries sustained by a licensee who falls through a door located twelve feet from the passage-way.

ACTION by S. O. Quantz against the Southern Railway Company, heard by *Judge W. R. Allen* and a jury, at October Term, 1904, of the Superior Court of MECKLENBURG County.

The plaintiff reached Charlotte on defendant's train on the night of May .., 1904, at about ten o'clock. The train stopped at the depot, the coach upon which defendant was being some distance below the end of the depot building. He went across the depot to a restaurant on Fourth street, not on defendant's right of way. He drank some coffee or milk and, desiring to see a policeman, went from the restaurant towards Trade street, which runs the other side of the depot and parallel with Fourth street. In going towards Trade street, he passed along an open space on the defendant's right of way and just behind the depot building. This open space was unobstructed and was, with the permission of the defendant, used by the public in passing from Fourth street to Trade street. About half way from Fourth street the depot building becomes wider, including the office, waiting-room, dining-room, etc. At this point there is an open way between the telegraph office and the baggage-room. There is near this point, but not in the open way, a stair-way. When plaintiff reached this point he turned to go through the depot building to find the policeman. He saw through a window a light burning; saw the stair-way going up in the inside; he

crossed the curbing and went to the door at the head of the stair-way, being about twelve feet from the edge of the space. Finding the lattice door open, the plaintiff went in and fell, whereby he was injured. Standing at the back of the depot building and looking through a window a person could see the stair-way on the inside of the building. A map accompanied the case on appeal showing the depot and surroundings. The defendant at the close of the testimony moved the Court to dismiss the action as upon a nonsuit. Motion denied. Defendant excepted. The only portion of the charge to which there was exception is as follows: "If you find from the evidence in this case that that street or passway was used by the public; that they were in the habit of using it, or that persons who wished to become passengers upon the trains of the defendant were in the habit of using that passageway, then it became the duty of the defendant not to so construct its building, or not to leave its building in such condition that there would be either on or near the passway a dangerous place, and not to construct it in such condition that one would be misled by the light in the building and induced to enter a dangerous place. And if you find from the evidence that the defendant has been negligent in that respect, has failed in the performance of its duty, and that that was the cause of the injury to the plaintiff, then you would answer the first issue 'Yes'; that the plaintiff was injured by the negligence of the defendant." From a judgment for the plaintiff defendant appealed.

*C. D. Bennett,* for the plaintiff.
*W. B. Rodman* and *G. F. Bason,* for the defendant.

CONNOR, J., after stating the case. His Honor told the jury that the plaintiff had, at the time of his injury, ceased to be a passenger; in this we concur. We also concur in the

opinion that he was not a trespasser. He was a licensee. His relation to the defendant, growing out of the contract of carriage or the assumption of a public duty by the defendant, was at an end. The case, thus simplified, presents the question as to the measure of duty which the defendant owed the plaintiff as a licensee. The plaintiff's right to recover is dependent upon sustaining the proposition that the defendant owed to him a duty, and that there was a breach thereof, which was the proximate cause of the injury. *Emry v. Navigation Co.,* 111 N. C., 94, 17 L. R. A., 699. It is conceded that the defendant did not owe to the plaintiff that high degree of care due a passenger. It is equally clear that it owed to him a higher degree of care than was due a trespasser. The authorities make a distinction between the degree of care due a mere licensee, one who by permission enters upon the premises of another and one who does so by invitation. It is not always easy to say upon which side of this line a particular case falls. Assuming that the license given to the public to use this way to pass from Fourth to Trade street amounted to implied invitation to the plaintiff to enter upon and pass over it, we next enquire the extent of the license. It was to pass from Fourth to Trade street. The duty therefore of the defendant was to keep the way free from dangerous obstructions or pitfalls, either on or so near to the way that a person exercising ordinary care would not be injured. The plaintiff went over the way for his own purpose, having no connection whatever with the defendant's duty to the public as a common carrier. There is no suggestion that there was any obstruction to prevent the plaintiff using the way to the full extent of his license. He went twelve feet out of his way to go to the front of the depot to look for a policeman for the purpose of ascertaining the whereabouts of a person whom he wished to find. There is no suggestion that the open door was dangerously near to the open space. Certainly

QUANTZ *v.* RAILROAD.

the defendant was not required to so construct its depot, before the license was given, as to enable licensees to walk around about and enter it all times by day or night for purposes entirely disconnected with the use for which it was built. The defendant owed no duty to the plaintiff to keep all of the doors of the depot building closed at night. No reasonable person would apprehend that in using the open space for the purpose of passing from one street to another a person would go twelve feet out of the way and step into an open door. We can see no breach of duty to the plaintiff. We have discussed the case upon the assumption that the plaintiff was an invited licensee. It is by no means clear that the license was more than permissive, in which case a lower degree of care is imposed.

In any view of the testimony the defendant was not liable. *Sweeny v. Railroad,* 10 Allen, 388, 87 Am. Dec., 644; *Redigon v. Railroad,* 155 Mass., 44, 14 L. R. A., 276, 31 Am. St. Rep., 520. "One who attempts to cross a platform at a railroad station for his own convenience as a short cut from one street to another, is a mere licensee and cannot recover for an injury received by falling into a hole in such platform, although the railroad company had passively permitted the plaintiff and the public generally to use it." Elliott on Railroads, sec. 1251.

We are of the opinion that the motion for nonsuit should have been allowed.

Error.