MARY MURPHY *vs.* MORRIS COHEN, administrator.

Suffolk. November 9, 1915. — February 29, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Of one controlling real estate.

A woman real estate agent, who, in attempting to show to a prospective tenant, with the permission of the owner, the cellar of a house that she never has entered before, opens the door to the cellar and notices that it is not very light there and sees the stairs which look to her broader than they are, and, without waiting to know more, starts to go down the stairs and, stepping by the side of the first step beyond the edge of it, is "pitched head first right down into the cellar," has suffered injury by reason of her own carelessness and cannot maintain an action against the owner of the building, who was under no obligation to warn her of the obvious danger of descending an unfamiliar flight of stairs, so dimly lighted that the width of the treads could not be seen plainly, without taking any precaution to ascertain the safety of her footing.

TORT for personal injuries sustained by the plaintiff on November 30, 1912, from falling down the cellar stairs of an apartment house owned and controlled by the defendant on Crescent Avenue in the part of Boston called Brighton. Writ dated February 13, 1913.

In the Superior Court the case was tried before *White*, J. At the close of the evidence, which is described in the opinion, the judge ruled that upon all the evidence the plaintiff was not entitled to recover and ordered a verdict for the defendant. By agreement of the parties the judge reported the case for determination by this court, with the stipulation that, if the ruling and the ordering of the verdict were right, judgment should be entered for the defendant on the verdict; and that, if the case ought to have been submitted to the jury, judgment should be entered for the plaintiff in the sum of $1,200.

The case was submitted on briefs.

*H. A. Carney*, for the plaintiff.

*J. Ingram*, for the defendant.

BRALEY, J. The defendant having introduced no evidence, the jury on the plaintiff's testimony would have been warranted in finding that, being engaged "in the real estate business," she "had a prospective tenant who wanted a six room apartment," and, having been informed that the defendant's intestate had the number of rooms required, she asked by telephone for permission to let the vacant apartment. The decedent replied that her husband "had charge of the house and referred me [the plaintiff] to him." A conversation with the husband resulted in his giving the plaintiff permission to rent at a special price, as well as handing to her the keys of the house. We hereafter shall refer to the "prospective tenant" as the tenant.

The plaintiff, accompanied by the tenant, thereupon visited the premises where the apartment was inspected. After expressing satisfaction with the rooms the tenant before deciding to rent asked to see the cellar "that went with the apartment," and they went down the back stairs to the main landing and small hallway to the cellar door. What followed she described as follows: "I opened the cellar door and looked down the stairs as best I could. It was not very light there but I could see the stairs and they appeared broader to me than they turned out to be. I stepped down with my right foot, on the right side of the first step, in the natural way. . . . There was nothing for my toes to rest upon and I was pitched head first right down into the cellar. I threw up my arms to grasp for the railing, but there was nothing there for me to take hold of, but the both sides of the wall. . . . It was not very light in the hall.

. . . I didn't stand very long at the top of the cellar stairs, I was anxious to get through, I looked and started down the stairs."

The stairway, on her testimony, was not a pitfall nor out of repair. If it be assumed that the plaintiff was on the premises at the invitation of the defendant's intestate, who could be found to have known that the apartment which included the cellar would be inspected by the plaintiff and the tenant, there was no duty on his part to warn her of the obvious danger of descending an unfamiliar flight of stairs so dimly lighted that the width of the treads was scarcely visible, without taking the slightest precaution to ascertain the certainty and safety of her footing. *Lord* v. *Sherer Dry Goods Co.* 205 Mass. 1, 2, 3.

The accident having been due to the plaintiff's carelessness and not to the breach of any legal duty owed by the intestate, judgment for the defendant on the verdict is to be entered as provided by the terms of the report.

*So ordered.*