This is an action to recover damages for the wrongful death of the intestate of the plaintiff caused, as the plaintiff alleges, by the negligence of the defendant, a hotel company, in failing to have the door of its elevator securely fastened. The following is a diagram of the premises:
S. B. Patterson was a guest of the hotel and occupied (510) Room 307. On the day the intestate of the plaintiff was killed he met Patterson on the street about 10 or 11 o'clock in the morning, and upon his invitation went with him to his room in the hotel in company with one or two others, and there remained until lunch time, when the party took lunch with Patterson at the hotel. All of the members of the party were drinking while in the room. After lunch all of them went together to a circus, where they remained for some time, and they then returned to the room in the hotel for the purpose of getting another drink. After taking the drink they started back to the circus, but finding that the performance was concluded, Patterson and the intestate, Salmons, returned to Room 307, where they remained until the intestate left the room between 6 and 7 o'clock, and in the meantime they were drinking in the room.
At about 7 o'clock Salmons, the intestate, left the room and walked about ten feet to the main passageway. He then turned to the right and walked ninety-five feet. He again turned to the right and walked along another passage twenty-seven feet, and then again turned to the right and walked along the hall in which the freight elevator was located, and he then opened the door of the freight elevator, which was insecurely fastened, and fell down the shaft and was killed. The passenger elevator was within ten feet of the door of Room 307, on the right, going from the room, and the stairway for the use of guests and leading to the lobby was within twenty feet of the room and on the left. The hall on which the freight elevator was located and where the intestate of the plaintiff was killed was narrower than the other halls; there were no rooms for guests on this hall, and it was used solely for a linen room and a dressing room for employees and for the freight elevator.
At the conclusion of the evidence his Honor entered judgment of nonsuit, and the plaintiff excepted and appealed.
Actionable negligence consists in a breach of duty to the plaintiff.McGee v. R. R., 147 N.C. 145. "In order to sustain an action, the plaintiff must state and prove facts sufficient to show *Page 549 
what the duty is, and that the defendant owes it to him." Shepherd, J., inEmry v. Nav. Co., 111 N.C. 94. "It has been often pointed out that a person cannot be held liable for negligence unless he owed some duty to the plaintiff, and that duty was neglected." Lane v. Cox, 1 Q. B. D., L. R. (1897).
The plaintiff has offered evidence tending to prove negligent conduct on the part of the defendant, in that it permitted the (511) fastening of the freight elevator door to become and remain insecure, but he has failed to show that the defendant owed the deceased any duty at the time of his injury and death, except to abstain from willful injury, of which there is no evidence. The deceased, according to the evidence of the plaintiff, was on the premises of the defendant by the invitation of Patterson, a guest of the hotel, for social purposes, and as such he was under an implied license, revocable at the will of the proprietor of the hotel.
The question was fully considered in S. v. Steele, 106 N.C. 782, where the Court states as one of its conclusions from a review of the authorities that "When persons, unobjectionable on account of character or race, enter a hotel, not as guests, but intent on pleasure or profit to be derived from intercourse with its inmates, they are there not of right, but under an implied license that the landlord may revoke at any time."
"One who engages in the keeping of a public inn, by that fact surrenders certain rights which as the owner or occupier of a mere private dwelling he would have, and with qualifications which will be noticed hereafter, it may be said that an innkeeper gives a general license to all persons to enter his house. Consequently, it is not a trespass to enter an inn without a previous actual invitation. The innkeeper may, however, exclude those who by reason of their character, conduct or physical condition are obnoxious, and he may also remove, with force if necessary, those who are disorderly or for any reason objectionable to the patrons of his place. When persons enter a hotel or inn, not as guests, but intent on pleasure or profit to be derived from intercourse with its inmates, they are there, not of right, but under an implied license that the landlord may revoke at any time." 14 R. C. L. 537.
If this was the status of the deceased, a licensee, there is no liability on the defendant, as his death was not caused by a hidden or concealed danger along or near the usual and customary route provided for entering and leaving the hotel, and there is no evidence of an invitation, express or implied, to go where he was injured.
In Sweeny v. R. R., 10 Allen 368, which is a leading authority, Bigelow, C. J., states the doctrine as follows: "A licensee who enters on premises by permission only, without any enticement, allurement *Page 550 
or inducement being held out to him by the owner or occupant, cannot recover damages for injuries caused by obstructions or pitfalls. He goes there at his own risk and enjoys the license subject to its concomitant perils. No duty is imposed by law on the owner or occupant to keep his premises in a suitable condition for those who come there solely for their own convenience or pleasure."
This case is approved in Quantz v. R. R., 137 N.C. 136, (512) and the above excerpt from the opinion is quoted in Muse v. R. R., 149 N.C. 448, and in Monroe v. R. R., 151 N.C. 376, Justice Manning adding in the last case immediately after the quotation, "This doctrine has been approved by this Court in the following cases: Quantz v. R. R., 137 N.C. 136; Peterson v. R. R.,143 N.C. 260; McGhee v. R. R., 147 N.C. 142; Briscoe v. Lighting Co.,148 N.C. 396; Bailey v. R. R., 149 N.C. 169; Muse v. R. R.,149 N.C. 443. It has also been approved in the following decisions of other courts, and by the text-book writers; Gillis v. R. R., 59 Pa. 129; 98 Am. Dec. 317; Zoebish v. Tarbell, 10 Allen 385; R. R. v.DeBoard, 91 Va. 700; R. R. v. Bingham, 29 Ohio St. 364; R. R.v. Griffin, 100 Ind. 221; Reardon v. Thompson, 149 Mass. 267;Redigan v. R. R., 14 L.R.A. (Mass.) 276; Burbank v. R. R., 4 L.R.A. (La.) 720; Benson v. Traction Co., 20 L.R.A. (Md.) 714;Manning v. R. R., 21 L.R.A. (W.Va.) 271; 3 Elliott on Railroads, secs. 1250, 1251; Wharton on Neg., sec. 351; 7 Thompson on Neg., secs. 945, 946, 947, 949; Whitaker's Smith on Neg., pp. 60, 61, 62, 63, and note."
The principle is unquestionably sound as applied in the authorities cited, and is controlling in this case, but it requires some qualification as to persons on premises by permission, or under license, express or implied, whose presence could be reasonably anticipated at or near the point of danger, and this modification is recognized in the Sweeney case and those following it.
If, however, the deceased was entitled to the protection of a guest, there could be no recovery on this record, because he was injured in a part of the hotel reserved for employees, and to which there was no express or implied invitation.
The deceased was invited to room No. 307, which was within 10 feet of the passenger elevator and within 20 feet of a stairway leading to the lobby, which were the two ways provided for guests in entering and leaving the hotel. He left the room and walked about 10 feet to a main passageway, going by the passenger elevator on his right and the stairway on his left.
He then turned to the right and walked along the passage 95 feet, when he again turned to the right and walked along another passage 27 feet, and then again to the right 15 feet to the freight *Page 551 
elevator shaft, where he was injured. The passage on which the freight elevator was located was narrower than the others, and on it was a linen-room, a dressing-room for employees, and the elevator, which was not used for passengers.
There is no evidence that deceased was ever in the hotel before the day of his death, or that he knew there was a freight elevator, or a toilet on his left as he entered the passage where he was injured, and the uncontradicted evidence is that there was a (513) toilet in room 307, which was used frequently during the day by Patterson and his visitors, and that the deceased knew the location of the passenger elevator.
It is the duty of hotel proprietors to provide reasonably safe ways of ingress and egress for guests, and a slight departure from these ways will not prevent a recovery of damages, but they owe no duty to the guest to keep in safe condition parts of the premises reserved for employees and where the presence of the guest could not be reasonably anticipated.
In Pierce v. Whitcomb, 48 Vt. 131, the Court says: "No one has a right to provide a path for access to his house, shop, or store, and invite
guests and patrons thereto, and provide or permit pitfalls in the way, to their injury. For in all such cases there is an implied guaranty that they may comply with such invitations with safety. But if one departs substantially from the provided way of access, or, becoming the guest or patron in a place of business, and, of his own motion, goes in the dark into places of danger, and is injured, he voluntarily takes the peril and risk upon himself."
In Armstrong v. Medbury, 67 Mich. 353, the Court approves the following instruction: "The plaintiff was bound to leave defendant's premises by the usual, ordinary and customary way in which the premises are and have been departed from, provided the same be safe and in good condition; and if, for his own convenience or other reason (than defect in the usual place of departure), he leaves such way, he becomes, at best, a licensee, and cannot recover for injuries from a defect outside of said way, unless it was substantially adjacent to such way, and in this case the defect was not so adjacent."
In Etheridge v. Central Railway Co., 122 Ga. 855: "There was sufficient evidence to authorize the jury to find that the path had been so long used by the public as a passageway over the land that the owner must have known that it was so used and have impliedly consented to its use. Consequently, one using the path would not be a trespasser. But there was nothing in evidence to authorize a finding that there was any express or implied invitation to the plaintiff to use any other part of the premises than the path. Hence, when the plaintiff got out of the path he was a trespasser, and the *Page 552 
defendants owed him no duty except not to injure him wantonly or willfully."
In Smith v. Trimble, 111 Ky. 864: "We are of opinion, and so hold, that appellant, while engaged in that work, in using such parts of appellant's premises as were reasonably necessary to enable him to do his work, was on the premises under the assurance in law by appellee that such parts so necessarily used were reasonably safe for the purposes of such use; but beyond that, appellee owed appellant no duty greater than to a stranger or trespasser. And (514) when appellant, without invitation or knowledge of the owner, went into or upon other parts of the premises, not necessary for the performance of his labor, he assumed all the risks of doing so. He was neither required, expected, nor allured to be at the place where he was injured, and consequently appellee was under no duty to him to provide there a place of safety. In entering or leaving premises the visitor is bound to use the ordinary and customary place of egress and ingress, and if he adopts some other way he becomes a mere licensee, and cannot recover for defects outside or not substantially adjacent to the regular way."
In Shearman Redfield on Law of Negligence, Vol. 3, sec. 704: "In entering or leaving premises, the visitor is bound to use the ordinary and customary place of ingress and egress, and if he adopts some other way he becomes a mere licensee, and cannot recover for defects outside or not substantially adjacent to the regular way."
We are also not without authority on the question in our own Court, this being the principle on which Quantz v. R. R., 137 N.C. 138, was decided, in which a recovery was denied for injuries sustained in falling through an unprotected doorway because the plaintiff had left a passway, which he had the right to use, and had gone 12 feet to reach the door.
We are therefore of opinion there is no evidence of actionable negligence, and this makes it unnecessary to consider the question of contributory negligence.
Affirmed.
Cited: Jones v. Bland, 182 N.C. 73; Brigman v. Construction Co.,192 N.C. 794; Corp. Comm. v. Interracial Com., 198 N.C. 321; Jones v.R. R., 199 N.C. 3; Adams v. Enka Corp., 202 N.C. 770; Williams v. Mfg. Co.,202 N.C. 859; Clark v. Drug Co., 204 N.C. 630; Ellis v. Refining Co.,214 N.C. 391; Wilson v. Dowtin, 215 N.C. 551; Pafford v. Const. Co.,217 N.C. 736; Mills v. Waters, 235 N.C. 426; Cupita v. Country Club,252 N.C. 350. *Page 553