BENNIE ROE, BY HIS NEXT FRIEND v. JAMES JOURNEGAN.

(Filed 24 March, 1920.)

**Evidence—Declarations Against Interest—Title—Burden of Proof.**

The declarations of the son of one in the chain of title to lands, is not against interest when he had acquired other lands and had moved thereon to live, and was not the only heir at law of his father.

APPEAL by plaintiff from *Guion, J.,* at the November Term, 1919, of FRANKLIN.

This is an action to recover land.

There was a verdict and judgment for the defendant, and the plaintiff appealed.

*Wm. H. and Thos. W. Ruffin and W. M. Person for plaintiff.*
*W. H. Yarborough for defendant.*

PER CURIAM. The facts are fully stated in the report of the first appeal in this action. 175 N. C., 262.

On the second trial the court admitted the same declaration of W. S. Roe, which the court formerly held to be incompetent, and the plaintiff, having excepted, again appealed.

This ruling of the judge was upon the idea that the defendant having introduced evidence that W. S. Roe was not the sole heir of his father and that he moved from the land in controversy and bought other land; that this met the requirements of the court in the former opinion, but, while these circumstances were properly considered they do not meet the burden cast by law on the defendant of showing "That the declaration was against the interest of the declarant, that 'he had no probable motive to falsify the fact declared' (*Smith v. Moore,* 142 N. C., 231), and that there was 'a total absence of interest to pervert the fact.' *Smith v. Moore,* quoting from Lord Ellenborough." 175 N. C., 262.

New trial.