ANNIE DUNN, ADMINISTRATRIX OF THE ESTATE OF ARTHUR DUNN, DECEASED, v. H. E. BOMBERGER.

(Filed 2 March, 1938.)

1. **Highways § 1: Negligence § 4b—Employee entering upon lands in performance of work on highway project is a licensee.**

   An employee of a contractor for the State Highway Commission who enters upon land in the performance of work upon a highway project is a licensee, since he occupies the same relation to the owner of the land as his employer, who is given the right to enter upon the land for this purpose by virtue of the State Highway statute.

2. **Negligence § 4b—Duty of owner of land to licensee.**

   The owner of land owes the duty to a licensee to refrain from willful or wanton negligence and from doing any act which increases the hazard to the licensee while he is on the premises, but he is not required to warn the licensee of defects, obstacles or pitfalls, and is not liable for injuries resulting therefrom in the absence of active, affirmative negligence resulting in increasing the hazard therefrom while the licensee is on the premises.

3. **Negligence § 4a—**

   The owner of land has the right to construct an underground drain-pipe thereon for the discharge of waste water, and where the saturated condition of the soil resulting therefrom is not dangerous except upon subsequent excavation, no liability attaches to the owner merely by reason of the existence of the condition.

4. **Negligence § 4b—Facts alleged held insufficient to show liability on part of owner for injury to licensee.**

   Plaintiff's intestate was employed by a contractor for the Highway Commission in excavating to widen a highway, and was fatally injured when the sides of the excavation on defendant's land caved in. Plaintiff alleged that the land was so saturated and softened with water from an underground drain maintained by defendant on his land for the discharge of waste water, that the ground would not support itself in the event of excavation, that defendant knew of the condition, and that the excavation was being done or was to be done, and failed to warn intestate or his employer of the danger, and failed to instruct his agents not to continue to discharge water into the drain. *Held:* Defendant's demurrer to the complaint should have been sustained, since the alleged acts of defendant did not increase the hazard while intestate was upon the land as a licensee, it not being alleged that the condition of the land constituted a hidden defect or pitfall, but only that it was dangerous in the event of excavation, and it appearing that the dangerous condition was created by the excavation and not by act of defendant.

5. **Negligence §§ 1, 9—**

   In order to establish liability on the part of the owner of land for injuries resulting from alleged defects or dangerous conditions, plaintiff must establish that the owner foresaw, or should have foreseen in the exercise of due care, that injury might result from the alleged defect.

DUNN v. BOMBERGER.

**6. Same—Held, under evidence in this case, owner could not be charged with duty of foreseeing that injury might result from condition of land.**

Plaintiff's intestate was fatally injured when an excavation on a State Highway project, on which he was working, caved in. Plaintiff alleged that defendant discharged waste water into an underground drain-pipe, causing the soil to become saturated and soft so that it could not support itself in the event of excavation, and that defendant was negligent in failing to warn intestate or his employer of the condition of the soil although he knew the excavation was being done or was to be done. *Held:* Intestate and those doing the excavation were in a better position to determine the condition of the soil than defendant, and defendant can not be held to the duty of foreseeing that the agents of the State Highway Commission would excavate at a point where the soil was so saturated as to make excavation dangerous or would excavate in a manner which would result in injury.

APPEAL by defendant from *Johnston, J.,* at October Term, 1937, of BUNCOMBE. Reversed.

This is a civil action instituted in the general county court of Buncombe County to recover damages for the alleged wrongful death of plaintiff's intestate.

The plaintiff alleges in her complaint that the defendant is the owner of a tract of land near Oteen, N. C., abutting on Highway No. 10; that the said defendant, before the date of plaintiff's intestate's death, constructed and at the time aforesaid was maintaining a drain pipe from the defendant's residence under and near the top of the ground along the defendant's lot for the purpose of draining waste water discharged from a private laundry and otherwise, and that the waste water from said drain pipe was discharged upon the defendant's land under the surface of the ground, which, in the event of excavation, constituted a hidden danger and a defect to the defendant's land; that said discharge of water from the said drain saturated and softened the defendant's land, causing same to become soft and porous and not capable of self-support. She further alleges:

"4. That the State Highway Commission of North Carolina was improving State Highway No. 10 by widening said highway along the front of the defendant's land, and in the process of so doing were removing or causing to be removed a part of the lands of the defendant by excavation, and while so excavating said lands, as aforesaid, and while plaintiff's intestate was engaged in the discharge of his duty, assisting in said excavation, without warning or fault or notice on the part of the plaintiff's intestate, the bank adjoining said excavation suddenly gave way, caved in and fell upon and killed plaintiff's intestate, or caused his death in a short time after his injury, all the result of the defendant's negligence, as hereinafter and hereinbefore alleged.

"5. That the negligence of the defendant proximately resulting in the death of the plaintiff's intestate's death was:

"(a) That defendant had negligently buried under the surface of the said lot of land a drain pipe, through which he discharged waste water from his residence and laundry therein, thereby causing his said lot of land to become saturated and softened to the extent that said land would not support itself in the event of excavation by said State Highway Commission in widening Highway No. 10, which fact of widening said highway the defendant knew the said Highway Commission was engaged in doing at the time of the plaintiff's intestate's death.

"(b) That the defendant negligently failed and neglected to warn said State Highway Commission and the plaintiff's intestate of the burial and use of said hidden, secret drain pipe, when the defendant knew that said excavation was being done, or was to be done, and further negligent in that he, the defendant, negligently failed to warn said State Highway Commission and the plaintiff's intestate that the ground in proximity to the discharge and of said drain pipe was saturated and softened and in such condition as to cave in while the excavation was being made; all such facts were known to the defendant, or by the exercise of reasonable care could have been known by the defendant.

"(c) That the defendant negligently failed to instruct his agents or tenants to discontinue the use of said secret and hidden drain pipe for the discharge of waste water after the defendant knew, or by the exercise of reasonable care could have known, that the excavation of his said land was in progress, and when he knew, or should have known, that the ground in close proximity to the discharge end of said drain pipe was softened by saturation of said waste water and would cave in and injure or kill plaintiff's intestate or other laborers working on said excavation.

"6. That the negligence of the defendant, as herein alleged, was the proximate cause of the plaintiff's intestate's death and consequent injury and damage to the plaintiff.

"7. That the plaintiff's intestate was 38 years of age, was in robust and good health at the time of his death and was earning $.. .... per day, and was physically in condition to pursue his vocation as a laborer for many years; also, plaintiff's intestate was a constant worker, was economical and frugal in his habits and worked consistently, and the plaintiff avers that by reason of the premises and the tortious, wrongful, and negligent acts of the defendant, as here alleged, the plaintiff has been damaged in the sum of $10,000."

The defendant demurred *ore tenus* to the complaint, for that the same does not state a cause of action. The demurrer was sustained by the

judge of the county court and the plaintiff appealed. When the cause came on to be heard in the Superior Court the judgment of the county court sustaining the demurrer was held for error and the cause was remanded for a trial on the merits. To this judgment the defendant excepted and appealed.

*Smathers and Meekins for plaintiff, appellee.*
*George W. Craig and Edward N. Wright for defendant, appellant.*

BARNHILL, J. Where the State Highway Commission, its contractors or employees, enter upon the premises of an individual under and by virtue of the power vested in the State by the provisions of the State highway statute, those so entering upon the lands of another are licensees. There is no allegation in the complaint that any part of the lands of the defendant had been condemned. It is merely alleged that the State Highway Commission, in the process of widening State Highway No. 10, adjacent to the lands of the defendant, entered upon the lands of the defendant and were removing, or causing to be removed, a part of the soil thereof, and that the plaintiff's intestate was an employee of the contractor or agent of the State Highway Commission in charge of the work. Under these circumstances the plaintiff's intestate was a mere licensee, for an employee of a licensee occupies the same relationship towards the owner of the land as his employer.

As plaintiff's intestate was a licensee, defendant did not owe him the duty to keep his premises in a reasonably safe condition. The only duty resting upon the defendant was to refrain from willful or wanton negligence and from the commission of any act which would increase the hazard. The owner of land is not required to keep his premises in a suitable or safe condition for those who come there solely as licensees and who are not either expressly invited to enter or induced to come upon them for the purpose for which the premises are appropriated and occupied. In authoritative decisions of this and other jurisdictions the degree of care to be exercised by the owner of premises toward a person coming upon the premises as a bare or permissive licensee for his own convenience is to refrain from willful or wanton negligence and from doing any act which increases the hazard to the licensee while he is upon the premises. The owner is not liable for injuries resulting to a licensee from defects, obstacles or pitfalls upon the premises unless the owner is affirmatively and actively negligent in respect to such defect, obstacle or pitfall while the licensee is upon his premises, resulting in increased hazard and danger to the licensee. *Brigman v. Construction Co.,* 192 N. C., 791, and cases there cited. The *Brigman case* is reported and annotated in 49 A. L. R., 773.

Speaking to the subject in *Peterson v. R. R.,* 143 N. C., 260, it is said: "A licensee who enters upon premises by permission only, without any enticement, allurement, or inducement being held out to him by the owner or occupant, cannot recover damages for injuries caused by obstructions or pitfalls. He goes at his own risk and enjoys the license subject to its concomitant perils."

Does the complaint allege any failure on the part of the defendant to perform any legal duty which he owed the plaintiff's intestate, a licensee upon defendant's premises? Stripped of all unnecessary verbiage and boiled down to their bare essentials the allegations are that the defendant had and maintained upon his premises an underground drain pipe which had caused the soil at the outlet of the drain pipe to become saturated and softened to the extent that said land would not support itself in the event of excavation by the State Highway Commission, and that the defendant, knowing that the deceased was on his premises as a licensee, negligently failed to warn the deceased, or his employer, of the drain pipe and the saturated and softened condition of the soil when he knew that excavation was being done or was to be done; and that the defendant failed to instruct his agents or tenants to discontinue the use of said secret and hidden drain pipe for the discharge of waste water after he knew that excavation of his land was in progress, and that the saturated condition of the soil would cause it to cave in during the progress of excavation.

The defendant had a legal right to construct an underground drain pipe upon his land and use it for the discharge of waste water. In so doing he breached no duty he owed to plaintiff's intestate. This is recognized by plaintiff, for it is said in her brief filed in this case: "It has never been our understanding of the case that plaintiff seeks to condemn the defendant for installing a drain pipe in his own soil. . . . He should be answerable for his failure to give timely notice and warning to the plaintiff's intestate of the hidden peril, which the defendant knew existed and which the plaintiff's intestate did not know existed, under circumstances where the defendant knew plaintiff's intestate was in the presence of the hidden peril.

"It is not, therefore, a mere question of the defendant's failure to keep the premises safe for plaintiff's intestate, assuming he was a mere invitee, but rather the duty owed when the defendant, with knowledge of the conditions, and of the plaintiff's intestate's presence, failed to warn the plaintiff's intestate of the hidden peril about him." No liability, therefore, attaches to the defendant merely by reason of the existence of the conditions complained of. It follows that the one essential allegation of negligence contained in the complaint is that the defendant failed to warn the plaintiff's intestate and his employer of the conditions

existing upon his land, which would become dangerous in the event excavation was attempted. The failure to warn is negative rather than active in its nature. By failing to warn the defendant created no new danger, nor did he increase the hazard and danger attendant upon the condition of the land. The plaintiff having assumed the risk incident to his entry upon the premises of the defendant, no duty rested upon the defendant to warn him of the probable results of such conduct.

It is to be noted that the plaintiff does not allege that the condition created by the underground drain pipe was in itself dangerous or that such condition created a hidden defect or pitfall. She alleges only that the soil had become so saturated and softened that said land would not support itself *in the event of excavation by said State Highway Commission.* The alleged dangerous condition was created by the active conduct of the Highway Commission, or its agents, in undertaking to excavate at a point where the soil was saturated and softened by the water. This condition was created not by the defendant, but by the licensee. The defendant cannot be held liable for the resultant injury.

Furthermore, in order to establish actionable negligence the plaintiff must show that the defendant, in the exercise of ordinary care, could foresee that some injury would result from his alleged negligent act. The law does not require omniscience of the defendant. It is admitted that the conditions which existed upon the defendant's premises in themselves, unaccompanied by any acts of excavation on the part of others, created no danger to plaintiff's intestate and was not a negligent breach of duty. It could not be said that a man of ordinary prudence could foresee, or should be charged with the duty of foreseeing, that the agents of the Highway Commission would excavate lands at a point where it was so saturated as to make it dangerous to those doing the work and would continue such excavation after the condition of the land was discovered. The plaintiff's intestate and his employer were on the scene, actually engaged in the work of excavation. They were the ones who first had the opportunity of discovering the condition of the soil. They either negligently failed to discover such condition or, having discovered it, continued to work in the face of a recognized danger. The conduct of the employer of the deceased was active, that of the defendant was negative. The employer of deceased actually created the danger by excavating at a point where the banks would cave in, or by excavating in such a manner as to cause them to cave in. They were on the defendant's premises without invitation, by virtue of the terms of the law which prohibited the defendant from ejecting them from his land. We cannot conceive under these circumstances that the law would be so oppressive as to require the defendant to give the Highway Commission, or its contractor, or employee, notice of the conditions upon his land, or

require him to exercise a higher degree of omniscience in foreseeing the probable results of such conduct on the part of the Highway Commission than it and its agents and employees were required to exercise.

It is unnecessary for us to discuss whether the act of the Highway Commission, in continuing to excavate the soil at a point where the soil was in the condition described by the plaintiff, constituted an act of intervening insulating negligence, such as would in any event free the defendant of liability. Certainly it may be said that those who were actually engaged in the work had a better opportunity to discover the danger which would arise from the excavation of the soil, which was in the condition described by the plaintiff, than did the defendant.

The judgment entered by the judge of the county court was correct, and the exception of the plaintiff thereto should have been overruled. The judgment below is

Reversed.