JOE CUPITA v. CARMEL COUNTRY CLUB, INC.

(Filed 13 April, 1960.)

**1. Negligence § 37a—**

A member of a dance band which is engaged to play for a dance at a country club is a licensee of the club while on its premises for the purpose of his employment.

**2. Negligence § 37b—**

The proprietor owes a positive duty to an invitee to exercise ordinary care to have its premises in a reasonably safe condition for use by the invitee in a manner consistent with the purpose of the invitation, and to give him, when using the premises for such purpose, timely notice and warning of latent or concealed perils insofar as can be ascertained by reasonable inspection and supervision or are known by it and not by him.

**3. Same—**

A proprietor is not an insurer of the safety of an invitee.

**4. Same—**

A proprietor is not under duty to an invitee to keep his premises in a reasonably safe condition for uses which are outside the scope and purpose of the invitation, for which the property was not designed, and which could not reasonably have been anticipated, except where he is present and actively cooperates with the invitee in the particular use of the premises.

**5. Negligence §§ 37a, 38—**

Where an invitee goes to a place on the premises not covered by the invitation and not embraced within the ordinary aberrations or casualties of travel, such person becomes a licensee, and the proprietor's duty

is only to refrain from acts of wilful or wanton negligence and to refrain from doing any act which increases the hazard to such person while on the premises.

6. **Negligence §§ 37f, 37g— Evidence held insufficient predicate for liability of proprietor to invitee going on a part of the premises outside the scope of the invitation.**

Evidence tending to show that an invitee in going from a bus parked on defendant's premises to defendant's club house, started along a path but, upon discovering that the path led to the rear of the club house, cut across the lawn for the purpose of going to the front entrance, and fell to his injury in a hole in the lawn a few steps from the path, *is held* insufficient to be submitted to the jury on the issue of defendant's actionable negligence, the plaintiff having gone on a part of the premises outside the scope and purpose of his invitation, and further, plaintiff, in proceeding through darkness across the lawn without being able to see what dangers the darkness might be concealing, was guilty of contributory negligence as a matter of law.

APPEAL by plaintiff from *Craven, S. J.,* 11 January 1960 Special Term, of MECKLENBURG.

Action for damages for personal injury resulting from plaintiff falling in a hole.

From a judgment of compulsory nonsuit entered at the close of plaintiff's evidence, he appeals.

*Grier, Parker, Poe & Thompson for plaintiff, appellant.*
*Robinson, Jones & Hewson and Fairley & Hamrick for defendant, appellee.*

PARKER, J.   Plaintiff on 7 June 1958 was a 31-year-old musician and a member of Buddy Bair's dance orchestra. On this day this orchestra was travelling in a bus, which about 7:00 o'clock p. m. stopped in front of the main entrance of defendant's club building. The members of the orchestra carried their instruments and music from the bus into the club building to play for a dance there that evening. They returned to the bus, got in, and the bus was driven a short distance to a parking area on the club's premises and parked. The orchestra members remained in the bus about one hour, shaving, putting on their band uniforms, etc. The dance was to begin at 9:00 o'clock p. m. About 8:00 o'clock p. m. it was dark, and at that time plaintiff with two members of the orchestra stepped off the bus to go to the club building to set up their instruments and music and get ready for the dance. Plaintiff had never been on the club's grounds before. Travelling on the club's premises in the bus he was not able to get a

view of the grounds, because the bus had only four windows and by these windows were bunks and curtains.

When plaintiff stepped off the bus, he saw a gravel road leading to the club building and lights there. He and his two companions began walking down this road to the building and the lights. After they had walked 75 to 100 feet on this road, plaintiff realized they were going to the rear entrance of the building. He then saw the lights at the main entrance, where they had unloaded their instruments. Between him and the main entrance was a lawn of the club. The weather was clear. The lawn was flat and level with no big gullies. The lights at the main and rear entrances gave a dim view of the lawn.

Plaintiff and his two companions started walking to the lights and the main entrance of the club building. Plaintiff was looking on the ground as he walked, and had walked "perhaps twelve feet," when he fell in a hole on the lawn. The hole was about a yard in diameter and three or four feet deep. Grass was growing around the edge of the hole, and at the bottom of the hole were some tree roots. Near the hole were some trees and shrubbery, and the shrubbery cast shadows. Plaintiff testified, "the hole was invisible." He played at the dance.

After the dance plaintiff went with a flashlight to see the hole in which he fell. He was back again in November 1958. In the area of the hole was the mouth of a drain pipe going under the road. The lawn slopes down from the club building to the road. There was no ditch along the road, no gully. Plaintiff testified on cross-examination: "We knew there was a driveway of some kind that went from the front entrance to where the bus was parked. . . . Instead of going back and just finding the way the front entrance was from there, we cut across the lawn to the front entrance. We knew we were going across the lawn. We intentionally left the driveway to cross over the lawn. We left the driveway before I fell in the hole. We had traveled about 12 feet from the time we realized the road was leading to the back of the club before I fell into the hole. . . . The hole into which I fell was a step or two from the driveway. I had taken a few steps off the driveway before I fell in the hole."

Plaintiff's presence on the premises of the defendant at the time of his injury as a member of a dance orchestra to provide music for a dance in the club building gave him the status of an invitee. *Pafford v. Construction Co.*, 217 N.C. 730, 9 S.E. 2d 408; *Bemont v. Isenhour*, 249 N.C. 106, 105 S.E. 2d 431; 38 Am. Jur., Negligence, § 100; 65 C.J.S., Negligence, § 434(4) b.

Defendant owed plaintiff a positive duty to exercise ordinary care

to have its premises in a reasonably safe condition for his safety in using the premises in a manner consistent with the purpose of the invitation, and to give him, when using the premises for such purpose, timely notice and warning of latent or concealed perils in so far as can be ascertained by reasonable inspection and supervision or are known by it and not by him. Defendant is not an insurer of plaintiff's safety on its premises, and in the absence of negligence there is no liability. *Williams v. Stores Co., Inc.*, 209 N.C. 591, 184 S.E. 496; *Watkins v. Furnishing Co.*, 224 N.C. 674, 31 S.E. 2d 917; *Ross v. Drug Store*, 225 N.C. 226, 34 S.E. 2d 64; *Hood v. Coach Co.*, 249 N. C. 534, 541, 107 S.E. 2d 154, 159; *Waters v. Harris*, 250 N.C. 701, 110 S.E. 2d 283; 65 C.J.S., Negligence, § 45a; 38 Am. Jur., Negligence, § 96; Restatement of the Law, Torts, Vol. II, § 340.

This is said in *Ellington v. Ricks*, 179 N.C. 686, 102 S.E. 510: " 'The owner or occupant of premises is liable for injuries sustained by persons who have entered lawfully thereon only when the injury results from the use and occupation of that part of the premises which has been designed, adapted, and prepared for the accommodation of such persons.' 20 R.C.L., 67. If an invitee goes 'to out-of-way places on the premises, wholly disconnected from and in no way pertaining to the business in hand' and is injured, there is no liability. *Glaser v. Rothschild*, 221 Mo., 180, but a slight departure by him 'in the ordinary aberrations or casualties of travel' do not change the rule or ground of liability, and the protection of the law is extended to him 'while lawfully upon that portion of the premises reasonably embraced within the object of his visit.' *Monroe v. R. R.*, 151 N.C., 374; *Pauckner v. Waken*, 14 L.R.A. (N.S.), 1122."

The owner or person in charge of premises has a duty to keep the premises which are within the scope of the invitation in a reasonably safe condition for an invitee's safety for all uses by an invitee in a manner consistent with the purpose of the invitation, but the owner or person in charge is not bound to keep them in a reasonably safe condition for uses which are outside of the scope and purpose of the invitation, for which the property was not designed, and which could not reasonably have been anticipated, except where he is present and actively cooperates with the invitee in the particular use of the premises. *Dickau v. Rafala*, 141 Conn. 121, 104 A. 2d 214; *Leenders v. California Hawaiian Sugar Refining Corp.*, 59 Cal. App. 2d 752, 139 P. 2d 987; *Tomsky v. Kaczka*, 17 N.J. Super. 211, 85 A. 2d 809; *Augusta Amusements, Inc. v. Powell*, 93 Ga. App. 752, 92 S.E. 2d 720; 65 C.J.S., Negligence, § 49; Restatement of the Law, Torts, Vol. II, § 343(b). Accordingly, where a person has entered on the premises of

another under invitation, express or implied, he is bound by that invitation, and if he goes to another place on the premises not covered by the invitation, the owner's duty of care owed to such person as an invitee ceases forthwith, and he becomes a licensee. *Palmer v. Boston Penny Sav. Bank,* 301 Mass. 540, 17 N.E. 2d 899, 120 A.L.R. 633; *Loney v. Laramie Auto Co.,* 36 Wyo. 339, 255 P. 350, 53 A.L.R. 73; *Nichols v. Consolidated Dairies,* 125 Mont. 460, 239 P. 2d 740, 28 A.L.R. 2d 1216; *Fahey v. Sayer,* 48 Del. 457, 106 A. 2d 513, 49 A.L.R. 2d 353; 65 C.J.S., Negligence, § 33; 38 Am. Jur., Negligence, § 100.

This Court in *Quantz v. R. R.,* 137 N.C. 136, 49 S.E. 79, held that where the public is licensed to pass through a railroad station the railroad company is not liable for injuries sustained by a licensee who falls through a door located twelve feet from the passageway.

In *Money v. Hotel Co.,* 174 N.C. 508, 93 S.E. 964, we held there was no evidence of actionable negligence on the part of the hotel company, where plaintiff's intestate, a licensee in the hotel, went to a guest's room in the hotel at his invitation, and in leaving passed the passenger elevator and stairway provided for the purpose, and wandered around the hall and attempted to go down a baggage elevator at the back on the part of the floor used by servants, where he could not reasonably have been anticipated to go, and fell to his death.

In this case all the evidence shows that plaintiff fell into the hole and was injured, while intentionally and materially deviating from the premises which were within the scope of his invitation, and walking on a part of the premises not covered by his invitation — a part of the premises not designed as a road or path and the use of which for such purpose at night could not reasonably be anticipated by defendant. When plaintiff fell in the hole, he was a licensee, and the only duty defendant owed him is to refrain from acts of wilful or wanton negligence and from doing any act which increases the hazard to him while he is on the premises. *Coston v. Hotel,* 231 N.C. 546, 57 S.E. 2d 793; *Dunn v. Bomberger,* 213 N.C. 172, 195 S.E. 364; *Hood v. Coach Co., supra.* Plaintiff has neither allegation nor proof of wilful or wanton negligence, nor of any increase of hazard to him, while he was on the premises. This is not a case where the hole was so close to the road as to render travel thereon unsafe. 38 Am. Jur., Negligence, § 130.

*Hood v. Coach Co., supra,* relied on by plaintiff, is distinguishable, in that the evidence shows only a slight departure from the driveway, which was within the scope of the invitation, by plaintiff "in the ordinary aberrations or casualties of travel" in order to get out of the way of a bus. *Leavister v. Piano Co.,* 185 N.C. 152, 116 S.E. 405, re-

lied on by plaintiff, is also distinguishable. In that case plaintiff went into the store to buy music rolls, and a salesman there, who was busy, directed him to a cabinet in the rear of the store a few feet away. While going there plaintiff fell through a trap door, and was injured.

In our opinion, there is no evidence of actionable negligence on defendant's part shown by plaintiff's evidence.

But if we concede, which we do not, that the evidence makes out a case of actionable negligence against defendant, nevertheless, it is manifest that plaintiff's evidence establishes facts necessary to show contributory negligence as a matter of law so clearly that no other conclusion can be reasonably drawn therefrom, in that plaintiff being unfamiliar with the premises left the provided road, and proceeded through darkness beyond the scope of his invitation to walk across a lawn on such premises without being able to see what dangers such darkness may conceal, and there being no circumstances to show he was misled through a false sense of safety, and there being no emergency or stress of circumstances rendering it necessary that he should cross the lawn and not use the provided road. *Curet v. Hiern,* (Louisiana App.), 95 So. 2d 699; *Fahey v. Sayer, supra; Night Racing Ass'n. v. Green* (Fla.), 71 So. 2d 500; *Murphy v. Cohen,* 223 Mass. 54, 111 N.E. 771; *Johnson v. Mau,* 60 N.D. 757, 236 N.W. 472; *Keller v. Elks Holding Co.,* 209 F. 2d 901; Annotation 163 A.L.R. 590, where many cases are cited.

In *Johnson v. Mau, supra,* plaintiff, while an employee of defendant was putting gas and oil in a car he was to use, went into a back part of the garage, which was pitch dark, and fell down an elevator shaft in the garage. The Court assuming he was an invitee said: "He went beyond the scope of his invitation when he started out to look for the water himself, and without making any inquiry or taking any precaution by the exercise of any of his faculties he stepped out into the darkness. Surely reasonable minds cannot differ on the question of his contributory negligence, and it follows that the defendant's motion for judgment notwithstanding the verdict should have been granted."

In *Powers v. Raymond,* 197 Cal. 126, 239 P. 1069, it is held that one who had never used and did not know of dark pathway through grounds of hotel in which she was residing pending commencement of employment therein was guilty of contributory negligence as a matter of law in using such pathway instead of well lighted pathway parallel thereto.

*O'Neil v. See Bee Club,* (Ohio Court of Appeals), 118 N.E. 2d 175, relied on by plaintiff, is distinguishable, for the reason that plaintiff,

a member of the club, was injured when he stepped into an unseen window well on a dark parking lot provided by the club, a place within the scope of his invitation, while attempting to get in his car parked there.

"When it appears from all the evidence that the plaintiff ought not to recover, it is the duty of the court to say so." *Houston v. Monroe,* 213 N.C. 788, 187 S.E. 571. What *Stacy, C. J.,* said in that case is applicable here: "In the circumstances thus disclosed by the record, we are constrained to hold that the demurrer to the evidence should have been sustained, if not upon the principal question of liability, then upon the ground of contributory negligence."

The judgment of nonsuit below is

Affirmed.