### MANER B. JONES v. KINSTON HOUSING AUTHORITY.

(Filed 14 October, 1964.)

**Negligence § 37a—**

　　Where the owner of land maintains adequate paved driveways and entrances to its buildings sufficient to accommodate its tenants and their visitors, a visitor electing to approach the premises over the private property of an adjacent landowner and to walk over an unlighted area with which she was unfamiliar, may not recover for a fall over a reinforcing rod embedded in a broken piece of concrete.

Appeal by plaintiff from *Bundy, J.*, January Session 1964 of Jones.

This is a civil action for damages for personal injuries allegedly sustained as the result of the negligence of the defendant.

On 29 April 1961, about 7:00 p.m., the plaintiff went upon the premises of the defendant for the purpose of visiting her daughter, who was

a tenant of the defendant and had been for ten years. The daughter was an invalid and, according to the plaintiff, she (plaintiff) had visited her daughter in defendant's housing project "I imagine * * * 500 times," before the occasion involved herein. The car in which the plaintiff rode to or near the premises of the defendant was driven by one of her sons-in-law who was unfamiliar with the property of the defendant and who had never driven plaintiff there before. Instead of letting plaintiff out of the car on the street or in one of the paved parking areas designated and maintained as such, and with which plaintiff was familiar, her son-in-law entered a private driveway on adjacent property, the Best Funeral Home, and drove across this property and put the plaintiff out of his car on an unlighted dirt path behind defendant's apartment house in which plaintiff's daughter lived. Plaintiff then proceeded to walk across a dirt area belonging to the defendant in the rear of the apartment house, which area was used for parking by certain persons but which had not been designated or maintained as a parking area by the defendant.

As plaintiff walked from the point where she got out of the automobile, across the defendant's property, she tripped over a broken piece of reinforced concrete which had a reinforcing rod, in a hooked shape, protruding from the concrete. Plaintiff struck the above-mentioned rod, which stuck in her leg, causing the injury of which she complains.

The plaintiff had never walked across this area before at any time, day or night, but she had observed cars parked in the area.

At the close of plaintiff's evidence the court sustained the defendant's motion for judgment as of nonsuit.

Plaintiff appeals, assigning error.

*Brock & Hood for plaintiff appellant.*
*LaRoque, Allen & Cheek for defendant appellee.*

PER CURIAM. The evidence introduced by the plaintiff in the trial below tends to show that the defendant maintains adequate paved driveways, parking areas, sidewalks and paved entrances to its apartment buildings, sufficient to accommodate its tenants and their visitors. The plaintiff, however, on the occasion complained of, chose to approach the premises of the defendant over the private property of an adjacent landowner, and to walk over an unlighted area with which she was unfamiliar and which she had never used before.

In the case of *Wilson v. Dowtin*, 215 N.C. 547, 2 S.E. 2d 576, this Court said: "In entering or leaving premises, the visitor is bound to use the ordinary and customary place of ingress and egress, and if he

adopts some other way he becomes a mere licensee, and cannot recover for defects outside and not substantially adjacent to the regular way." See also *Cupita v. Carmel Country Club,* 252 N.C. 346, 113 S.E. 2d 712.

The judgment below is
Affirmed.