W. A. McELDUFF v. E. C. McCORD, JR., THE CITY OF GASTONIA, AND CITIZENS NATIONAL BANK IN GASTONIA

No. 7027DC479

(Filed 16 December 1970)

1. **Aviation § 2— liability in operation of airport — damage to taxiing plane — temporary deviation from runway**

    A plaintiff who taxied his airplane off the concrete runway of an airport in order to avoid an automobile that was blocking the way to the airplane parking area failed to show that the operator of the airport was negligent when the plane struck a concrete slab, which was located on the grassy area just off the runway, and turned over, where (1) there was no evidence to suggest that the airport operator should have reasonably foreseen that plaintiff would abandon the runway in favor of a route not intended or maintained for airplane traffic and (2) the plaintiff's turning off the runway was for his own convenience and did not arise from any danger presented by the automobile.

2. **Aviation §§ 2, 5; Negligence § 52— pilot landing at airport — status of invitee**

    A plaintiff who landed his airplane at a municipal airport with the intention of parking his airplane and paying a fee to the airport operator for this privilege was an invitee of the operator.

3. **Aviation § 2— liability of airport operator to invitees — standard of care**

    An aircraft landing field operator owes a duty to persons landing thereon by invitation to maintain the premises in reasonably safe condition for contemplated use, and he must use reasonable care to keep premises in reasonably safe condition so that a person landing his aircraft there will not be unreasonably exposed to any danger.

APPEAL from *Mason, District Judge,* 6 April 1970 Session of GASTON County District Court.

Plaintiff instituted this action on 31 December 1968 seeking to recover for damage to his aircraft alleged to have occurred at the Gastonia Municipal Airport on 14 November 1967. (The evidence established the date as 14 October 1967.) At that time the airport was under lease to named defendant, E. C. McCord, Jr. Mr. McCord died while this action was pending and Citizens National Bank of Gastonia, as administrator of his estate, was duly substituted as defendant.

At the conclusion of plaintiff's evidence judgment was entered allowing the motion of the City of Gastonia for a directed verdict. No appeal has been taken from that judgment.

Motion for a directed verdict was made by the defendant administrator on the grounds that plaintiff's evidence had failed to show any negligence on the part of defendant's intestate, and further, that it established as a matter of law plaintiff's negligence as a proximate cause of his damage. Judgment was entered allowing this motion on both grounds and plaintiff excepted and appealed.

*Joseph B. Roberts III, for plaintiff appellant.*

*Hollowell, Stott & Hollowell by Grady B. Stott for defendant appellee.*

GRAHAM, Judge.

[1] Plaintiff's principal contention is that the court erred in allowing the appellee's motion for a directed verdict.

Plaintiff's evidence tended to show that on 14 October 1967 he landed his 1953 Cessna aircraft at the Gastonia airport, which was under lease to appellee's intestate and being operated by him. Under the terms of the lease, appellee's intestate was responsible for the installation and maintenance of landing areas, parking areas and taxiing areas for aircraft. Plaintiff had landed at the airport approximately fifty times previously. A paved taxiway was provided to the one area used by aircraft for parking. Plaintiff planned to park his aircraft and to pay a fee to defendant's intestate for this privilege. As plaintiff proceeded along the paved taxiway and toward the parking area he observed an automobile parked between him and the parking area. In plaintiff's opinion there was insufficient room to operate his aircraft around the parked automobile and still remain on the paved taxiway, so he turned off the taxiway and on to a level grass strip in an effort to proceed to the parking area. After traveling about three feet off the taxiway the left wheel of his aircraft struck a concrete slab, causing the aircraft to turn over and sustain damage. The slab was approximately three feet long, two feet wide, and six to eight inches above the ground. It was one of many concrete slabs that were placed along the runway and taxiway two years after the airport was constructed in 1945. The purpose of the slabs was to indicate where a high voltage cable ran underneath the ground conducting power for the runway lights. Plaintiff testified that the slab was "almost covered over with grass" and that he had not seen it on any occasion before his aircraft collided with it.

We turn first to the question of the sufficiency of plaintiff's evidence as to the negligence of appellee's intestate.

[2, 3]   Plaintiff's evidence was sufficient to show that he entered the premises as an invitee, within the meaning of that term. An aircraft landing field operator owes a duty to persons landing thereon by invitation to maintain the premises in reasonably safe condition for contemplated use, and he must use reasonable care to keep premises in reasonably safe condition so that a person landing his aircraft there will not be unreasonably exposed to any danger. 65 C.J.S., Negligence, § 63 (133), p. 913; *Plewes v. Lancaster*, 171 Pa. Super. 312, 90 A. 2d 279. The rule is identical to the general rule governing the duty owed by the owner or operator of any place of business to an invitee entering the premises. "The owner or proprietor of premises is not an insurer of the safety of his invitees. But he is under a duty to exercise ordinary care to keep that portion of his premises designed for their use in a reasonably safe condition so as not to expose them unnecessarily to danger, (but not that portion reserved for himself and his employees), and to give warning of hidden dangers or unsafe conditions of which he has knowledge, express or implied." 6 Strong, N.C. Index 2d, Negligence, § 53, pp. 108-109, and cases therein cited.

[1]   Plaintiff contends that appellee's intestate was negligent in not placing a flag or other warning device in the vicinity of the concrete slab. The fallacy of this argument is that the concrete slab was not located in a place designed for use by plaintiff and other airport customers. There is nothing in the record to suggest that appellee's intestate should have reasonably foreseen that plaintiff would abandon the concrete taxiway provided for his use in favor of a route not intended or maintained for aircraft traffic. "What constitutes a reasonably safe condition of premises depends, of course, upon the uses which the proprietor invites his business guests to make of them and those which he should anticipate they will make. 65 C.J.S., Negligence, § 45 (b)." *Hedrick v. Tigniere*, 267 N.C. 62, 147 S.E. 2d 550. " 'The owner or occupant of premises is liable for injuries sustained by persons who have entered lawfully thereon only when the injury results from the use and occupation of that part of the premises which has been designed, adapted, and prepared for the accommodation of such persons.' 20 R.C.L., 67." *Ellington v. Ricks*, 179 N.C. 686, 102 S.E. 510; *Cupita v. Country Club*, 252 N.C. 346, 113 S.E. 2d 712.

The record is silent as to who parked the car which plaintiff stated blocked the taxiway and caused him to deviate from it. There is no showing that appellee's intestate or any of his employees knew of the car's presence on the taxiway, or that it had been there for a sufficient length of time to give them notice that it was an obstacle to aircraft using the taxiway. In fact, plaintiff makes no contention that the presence of the car in his path resulted from any negligence on the part of appellee's intestate. The record indicates that plaintiff, upon seeing the car, immediately turned from the paved taxiway. This immediate movement was for the purpose of plaintiff's convenience and not because any danger arose from the fact the taxiway was blocked by a parked car. A slight delay on plaintiff's part could have resulted in the car being moved. Under these circumstances, we do not regard plaintiff's departure from the concrete taxiway onto the grass area to be such a slight departure " ' "in the ordinary aberrations or casualties of travel" ' " as to extend to him the same protection he was entitled to while lawfully upon the portion of the premises embraced within the object of his visit. *Cupita v. Country Club, supra; Coston v. Hotel,* 231 N.C. 546, 57 S.E. 2d 793; *Dunn v. Bomberger,* 213 N.C. 172, 195 S.E. 364; *Money v. Hotel Co.,* 174 N.C. 508, 93 S.E. 964; *Quantz v. R.R.,* 137 N.C. 136, 49 S.E. 79. Nor do we regard this as a case where the obstacle was so close to the portion of the premises held out for plaintiff's use as to render travel thereon otherwise unsafe. *Hood v. Coach Co.,* 249 N.C. 534, 107 S.E. 2d 154; 38 Am. Jur., Negligence, § 130, p. 790.

For the reasons herein stated it is our opinion that the court correctly granted defendant's motion for a directed verdict on the grounds that plaintiff's evidence was insufficient to show actionable negligence on the part of appellee's intestate. It is, therefore, unnecessary that we discuss the question of plaintiff's contributory negligence.

Plaintiff has assigned various errors in connection with the court's refusal to admit certain testimony. We have considered the testimony which plaintiff says should have been admitted and are of the opinion that it would not change the result we have reached. The assignments of error are consequently overruled.

No error.

Judges BROCK and MORRIS concur.