**Stoltz v. Hospital Authority, Inc.**

---

DOUGLAS STOLTZ v. FORSYTH COUNTY HOSPITAL AUTHORITY, INC., A
NON-PROFIT NORTH CAROLINA CORPORATION, LEASING AND OPERATING FORSYTH
MEMORIAL HOSPITAL IN FORSYTH COUNTY, NORTH CAROLINA

No. 7721SC992

(Filed 19 September 1978)

**Negligence § 30.1— plate glass window in hospital—plaintiff's fall through—summary judgment for hospital proper**

Defendant was entitled to summary judgment in plaintiff's action to recover for injuries which he suffered when he fell and stumbled against a plate glass window adjacent to the outer set of two sets of glass doors in defendant's emergency room foyer, since the window panel had a push bar across it and was constructed in accordance with all applicable building codes, and defendant was not negligent in using plate glass rather than some safety glass material.

APPEAL by plaintiff from *Wood, Judge.* Order entered 24 August 1977 in Superior Court, FORSYTH County. Heard in the Court of Appeals 31 August 1978.

Plaintiff walked into the defendant hospital's emergency room on 11 August 1973 seeking treatment for a minor cut on his wrist. He received treatment and was leaving, walking through the foyer of the emergency room, when he became dizzy and fell, striking his head against a plate glass window adjacent to the outer set of two sets of glass doors. The window panel through which plaintiff fell had a push bar across it approximately 38½ " from the floor. The window and bar had been installed at the time of construction of the hospital, and were properly in place at the time of plaintiff's fall. Plaintiff received severe cuts from the broken glass, and was hospitalized for several weeks as a result of his injuries.

Plaintiff instituted this civil action, alleging defendant's negligence and seeking damages. Defendant moved for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure (G.S. 1A-1, Rule 56). His motion was argued before Judge William Z. Wood in the Superior Court of Forsyth County, who found that there was no genuine issue as to any material fact and ordered judgment entered in favor of the defendant. From this order plaintiff appealed.

*Bailey and Thomas, by Thomas G. Jacobs and George S. Thomas, for the plaintiff.*

*Hudson, Petree, Stockton, Stockton & Robinson, by Robert J. Lawing and Grover Gray Wilson, for the defendant.*

MARTIN (Robert M.), Judge.

The sole question presented by this appeal is whether summary judgment was properly allowed in favor of the defendant. We find that it was.

Summary judgment is properly rendered if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). Defendant, as the moving party in this case, had the burden of establishing that no genuine issue as to any material fact exists. *Savings & Loan Assoc. v. Trust Co.*, 282 N.C. 44, 191 S.E. 2d 683 (1972). "It is not the purpose of the rule to resolve disputed material issues of fact but rather to determine if such issues exist." G.S. 1A-1, Rule 56, *Comment.* There is no controversy here as to the facts; in dispute is the legal significance of those facts. Therefore this is an appropriate case for summary adjudication. *Blades v. City of Raleigh*, 280 N.C. 531, 187 S.E. 2d 35 (1972). Appellant has aptly pointed out in his brief that issues of negligence are not ordinarily disposed of by summary judgment. *Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972). However, on the record before us no issue of negligence appears. Plaintiff was an invitee on the defendant's premises, and as such the defendant was not an insurer of his safety. The standard of care applicable to the defendant is the duty to exercise ordinary care to keep the premises in a reasonably safe condition and to give warning of hidden perils or unsafe conditions insofar as can be ascertained by reasonable inspection and supervision. *Watkins v. Furnishing Co.*, 224 N.C. 674, 31 S.E. 2d 917 (1944). Absent a negligent breach of this duty by the defendant, there can be no liability. *Cupita v. Country Club, Inc.*, 252 N.C. 346, 113 S.E. 2d 712 (1960).

Plaintiff has shown only that he has suffered an injury. No presumption or inference of negligence arises upon proof of an injury only. *Reese v. Piedmont, Inc.*, 240 N.C. 391, 82 S.E. 2d 365

(1965); Strong's N.C. Index 3rd, *Negligence* § 53.4. It is not contested that the plaintiff, through no fault of the defendant, stumbled and fell through the plate glass panel in the foyer of the walk-in entrance to the defendant's emergency room. It is not contested that the window panel had a push bar across it, and was constructed in accordance with all applicable building codes. The only negligence of the defendant alleged by plaintiff is that plate glass, rather than some safety glass material, was used in the window panel. He argues that the defendant, operating a hospital, should reasonably foresee that sick persons could become unsteady on their feet and fall against the window panel, causing it to break and receiving injury. In support of his contentions, plaintiff cites a number of cases from various jurisdictions. Without enumerating them here, we find them distinguishable on their facts and inapplicable to the instant case. The glass panel in question was not a doorway of deceptive appearance, nor was it an unmarked and invisible divider between another area of the building and an exit. It was adjacent to a set of manifestly apparent doors at the outside entrance of the foyer. Nothing in the design or construction of the panel led plaintiff to come in contact with it.

Plaintiff has failed to prove any facts which will support any inference of negligence on the part of the defendant. Therefore summary judgment pursuant to Rule 56 was properly ordered for the defendant, and the order of the trial court is affirmed.

Affirmed.

Judges VAUGHN and MITCHELL concur.