MARTIN, RESPONDENT, v. NORTHERN PACIFIC RY. CO.,
APPELLANT.

(No. 3,512.)

(Submitted May 4, 1915.   Decided May 25, 1915.)

[149 Pac. 89.]

*Personal Injuries—Railroads—Trespasses—Children—Turntable*
*Doctrine—Complaint—Instructions—Trial—Demurrer.*

Trial—Demurrer—Single Cause of Action—Counts.
1.   Under section 6536, Revised Codes, providing that a demurrer lies only to an entire complaint or to an entire cause of action, demurrers to each of four counts stating but a single cause of action for the death of a child in a railroad yard were properly overruled.

Personal Injuries—Defective Appliances—Complaint—Indefiniteness.
2.   In an action for the death of a seven year old boy in a railroad yard, an allegation that a freight-car in which he was playing when killed had been left in a defective condition for a long time prior to the accident was too indefinite to show a duty on the part of defendant company to make repairs.

Same—Self-imposed Duty—Failure not Negligence.
3.   Where, although not required to do so by statute or ordinance, a railroad company attempts to perform the self-imposed duty of keeping children out of its yards, negligence in this regard is not actionable.

[As to negligence in dealing with children, see note in 49 Am. St. Rep. 406.]

Same—Turntable Doctrine—Proximate Cause—Complaint.
4.   To bring a case within the doctrine of the turntable cases the attractiveness of the alleged nuisance must have been the proximate cause of the injury.

[As to turntable case doctrine, see notes in 14 Am. St. Rep. 595; 49 Am. St. Rep. 417; 19 L. R. A. (n. s.) 1094. As to liability to trespassers injured by turntables and other dangerous appliances, see notes in 59 Am. Rep. 23; 14 L. R. A. 781; 16 L. R. A. (n. s.) 1129.]

Same—Trial—Instructions—Submission of Defective Counts—General Verdict—Presumptions.
5.   Where the district court submitted instructions analyzing the issues sought to be framed upon three counts of the complaint, two of which were insufficient, telling the jury that if they found the allegations of any one of them proved by a preponderance of the evidence, their verdict should be for the plaintiff, and a general verdict was returned, the presumption cannot be indulged that the verdict was founded upon the good count rather than upon the defective ones.

Same—Trial—Instructions—Proper Submission of Issues.
6.   A fair and impartial trial comprehends a trial upon the issues properly submitted to the jury on the court's instructions.

Same—Turntable Doctrine—Complaint—Sufficiency.
7.   A complaint alleging that a freight-car in which a boy of tender years was killed was peculiarly attractive to children because of its shape and defective condition and was an implied invitation to them to enter and play thereon, and that deceased, attracted by it, did go

upon it and was killed because of its defective condition, was sufficient to warrant recovery under the turntable doctrine.

[As to turntable doctrine, see notes in 14 Am. St. Rep. 595; 49 Am. St. Rep. 417. As to application of turntable or attractive nuisance doctrine to standing railroad cars, see note in Ann. Cas. 1912D, 916.]

Same—Railroads—Trespassers—Proper Defense.

8. Where a trespasser of the age of discretion and capable of appreciating the danger incident to being in a railroad yard is killed, the railway company may successfully defend an action for damages upon the theory that he was wrongfully upon its property and that it owed him no duty other than to refrain from willful or wanton acts which might occasion injury.

[As to trespassing children, see note in 49 Am. St. Rep. 416.]

Same—Turntable Doctrine—Erroneous Instruction.

9. An instruction in an action based upon the liability of a railroad company under the turntable doctrine, that if an owner of property maintains, exposed thereon, a device which is peculiarly and unusually attractive to children of youth and inexperience and they are attracted by it, they are not trespassers, *held* erroneous in omitting the element of knowledge on the part of the owner that the device was unusually dangerous and alluring to children of tender years, and that they were, or were likely to be, attracted by it.

*Appeal from District Court, Lewis and Clark County; J.; Miller Smith, Judge.*

ACTION by Maggie Martin against the Northern Pacific Railway Company. Judgment for the plaintiff and defendant appeals. Reversed and remanded.

Cause submitted on briefs of counsel.

*Messrs. Gunn, Rasch & Hall,* for Appellant.

In order to avoid the defense of the doctrine of the turntable cases, it is necessary to allege that the thing which caused the injury was not only a thing peculiarly attractive to children, but also that it was a dangerous machine or other dangerous thing. (*Sioux City & P. R. R. Co.* v. *Stout,* 17 Wall. 657, 21 L. Ed. 745; *Gates* v. *Northern Pacific Ry. Co.,* 37 Mont. 103, 94 Pac. 751; *Driscoll* v. *Clark,* 32 Mont. 172, 80 Pac. 1, 373.) The dangerous thing peculiarly attractive to children must be the proximate cause of the injury before the owner thereof can be held liable under the doctrine of the turntable cases. (*Charvoz* v. *Salt Lake City,* 42 Utah, 455, 45 L. R. A. (n. s.) 652, 131 Pac. 901; *Seymour* v. *Union Stock Yards & Transit Co.,* 224

Ill. 579, 79 N. E. 950; *Swartwood's Guardian* v. *Louisville & N. R. Co.,* 129 Ky. 247, 130 Am. St. Rep. 465, 19 L. R. A. (n. s.) 1112, 111 S. W. 305; *Monehan* v. *South Covington & C. St. Ry. Co.,* 117 Ky. 771, 78 S. W. 1106; *Clark* v. *Northern Pac. R. Co.,* 29 Wash. 139, 59 L. R. A. 508, 69 Pac. 636; *Graves* v. *Washington Water Power Co.,* 44 Wash. 675, 11 L. R. A. (n. s.) 452, 87 Pac. 956; *Briscoe* v. *Henderson Lighting & Power Co.,* 148 N. E. 396, 19 L. R. A. (n. s.) 1116, 62 S. E. 600.)

Probably the weight of authority at present is against the doctrine of the turntable cases or the doctrine of attractive nuisances, as a number of the courts that formerly adopted said doctrine have since repudiated it, while the tendency of the courts of the states still adhering to such doctrine is to restrict its application to the class of things regarding which the doc. trine was first announced. (See exhaustive note on ''Attractive Nuisances'' in 19 L. R. A. (n. s.) 1095–1165; *Wheeling & L. E R. Co.* v. *Harvey,* 77 Ohio St. 235, 122 Am. St. Rep. 503, 11 Ann Cas. 981, 19 L. R. A. (n. s.) 1136, 83 N. E. 66; *Ritz* v. *City of Wheeling,* 45 W. Va. 262, 43 L. R. A. 148, 31 S. E. 993.) Not only has the tendency of the courts of other states been to limit the application and scope of this doctrine, as shown above, but such has been the tendency of this court. (See *Gates* v. *Northern Pacific Ry. Co., supra.*) In harmony with the limitations upon the application of such doctrine, as shown in the cases cited above, it has been repeatedly held that a railroad car standing on the tracks is not within the scope thereof. (*Barney* v. *Hannibal & St. Joe R. Co.,* 126 Mo. 372, 26 L. R. A. 847, 28 S. W. 1069; *Chicago & Alton R. Co.* v. *McLaughlin,* 47 Ill. 265; *Central Branch Union Pac. R. Co.* v. *Henigh,* 23 Kan. 347, 33 Am. Rep. 167; *McEachern* v. *Boston & M. R. Co.,* 150 Mass. 515, 23 N. E. 231; *Curley* v. *Missouri Pac. Ry. Co.,* 98 Mo. 13, 10 S. W. 593; *Rushenberg* v. *St. Louis etc. Ry. Co.,* 109 Mo. 112, 19 S. W. 216; *Kaumeier* v. *City Electric Ry. Co.,* 116 Mich. 306, 72 Am St. Rep. 525, 40 L. R. A. 385, 74 N. W. 481.)

An implied invitation was expressly rebutted. The evidence shows that the defendant was using all reasonable means to keep

children out of its yards. In White's Supplement to Thompson on Negligence, he discusses in section 1035 the doctrine of "Attractive Nuisances," and closes the section in the following language: "It certainly cannot be claimed that children were invited upon the premises where the evidence shows that the owner or his servants had repeatedly driven them away." (*North Texas Construction Co.* v. *Bostick,* 98 Tex. 239, 83 S. W. 12; *J. I. Case Threshing Machine Co.* v. *Burns,* 38 Tex. Civ. 412, 86 S. W. 65; *Hart* v. *Mason City Brick & Tile Co.,* 154 Iowa, 741, 38 L. R. A. (n. s.) 1173, 135 S. W. 423.)

*Mr. Wellington D. Rankin,* for Respondent.

The question of whether or not the car in question was a dangerous and attractive instrument was submitted to the jury with some evidence to support it, and the jury having found in favor of the plaintiff, it is set at rest as far as this court is concerned. (*Brinkley Car Works etc. Co.* v. *Cooper,* 60 Ark. 545, 46 Am. St. Rep. 216, 31 S. W. 154; *McAllister* v. *Seattle B. etc. Co.,* 44 Wash. 179, 87 Pac. 68; *Bjork* v. *City of Tacoma,* 76 Wash. 225, 48 L. R. A. (n. s.) 331, 135 Pac. 1005; *Nashville Lumber Co.* v. *Busbee,* 100 Ark. 76, 38 L. R. A. (n. s.) 754, 139 S. W. 301, 306; *Berg* v. *B. B. Fuel Co.,* 122 Minn. 323, 142 N. W. 321.) That a car can be attractive under certain circumstances is impliedly held in the case of *Gates* v. *Northern Pac. Ry. Co.,* 37 Mont. 103, 94 Pac. 751.

Plaintiff's first and second causes of action state facts sufficient to constitute a cause of action and likewise to support the judgment. (See *Penso* v. *McCormick,* 125 Ind. 116, 21 Am. St. Rep. 211, 9 L. R. A. 313, 25 N. E. 156; *Schmidt* v. *Kansas City Distilling Co.,* 90 Mo. 284, 59 Am. Rep. 16, 1 S. W. 865, 2 S. W. 417; 1 Thompson on Negligence, sec. 1030.)

The doctrine of the turntable cases should be applied to all things that are uncommon and artificially produced, and which are attractive and alluring to children of immature judgment and discretion, and are inherently dangerous, and where it is practical to guard them without serious inconvenience and with-

out great expense to the owner. (*Brown* v. *Salt Lake City*, 33 Utah, 222, 126 Am. St. Rep. 828, 14 Ann. Cas. 1004, 14 L. R. A. (n. s.) 619, 93 Pac. 570; *Union Pacific Ry. Co.* v. *McDonald*, 152 U. S. 262, 38 L. Ed. 434, 14 Sup. Ct. Rep. 619; *Little* v. *James McCord Co.* (Tex. Civ.), 151 S. W. 835; *Biggs* v. *Consolidated Barb-Wire Co.*, 60 Kan. 217, 44 L. R. A. 655, 56 Pac. 4; *O'Malley* v. *St. Paul, M. & M. Ry. Co.*, 43 Minn. 289, 45 N. W. 440.)

A general verdict will not be presumed to have been based upon a claim unsupported by evidence, but will be deemed to rest upon such other causes of action as are supported by sufficient proof, and if the verdict can be sustained by reference to the proof under any one of several causes of action, it will be done. (*Nielsen* v. *Provident Sav. Life Assur. Soc.*, 139 Cal. 332, 96 Am. St. Rep. 146, 73 Pac. 168; *Chicago, W. & V. Coal Co.* v. *Moran*, 210 Ill. 9, 71 N. E. 38; *Scott* v. *Parlin & Orendorff Co.*, 245 Ill. 460, 92 N. E. 318; *Pevey* v. *Schulenburg, & Boeckeler Lumber Co.*, 33 Minn. 45, 21 N. W. 844.)

Whether or not the Martin boy was ordered out of the yards was a question for the jury. (*Decker* v. *Itasca Paper Co.*, 111 Minn. 439, 127 N. W. 183; *Ferrell* v. *Dixie Cotton Mills*, 157 N. C. 528, 37 L. R. A. (n. s.) 64, 73 S. E. 142.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to recover damages for the death of James T. Martin, a seven year old boy who was found dead in a gondola car in the Northern Pacific yards at Helena on March 25, 1911, Anderson and Biggs, car inspectors, and McMasters, a yard watchman, all in the employ of the railway company, were joined as defendants. Throughout the pleadings, the court proceedings and in the briefs presented upon this appeal, the complaint is treated as containing four causes of action. It is alleged that the car in question was out of repair, in that the appliances for keeping the door in place were broken or missing. In the first cause of action negligence is predicated upon the

failure of McMasters to guard this car to prevent children getting upon it and in a place of danger; upon the failure of the inspectors to discover the defects in the car; upon the failure of the railway company to have the car repaired; and in permitting it, in its defective and dangerous condition, to be placed and to remain where it is alleged children of tender years were accustomed to play. In this connection it is alleged that the car had been in such defective condition for a long time prior to the date of the accident. In the second cause of action the allegations of the first are repeated, and in addition thereto it is alleged that the car in its defective condition was a dangerous instrumentality, and, because of its shape and of the fact that large holes had been burned in its sides, was peculiarly and unusually attractive to children of tender years and constituted an implied invitation to them to go on the railway company's property; that the Martin boy was attracted by the car, went upon it, and was killed by the car door falling upon him. In the third cause of action, in addition to the facts stated in the first, it is alleged that the railway company maintained in its yards, near where the car in question was placed, engines, trains and cars, a coal-chute, and roundhouse, all of which were peculiarly attractive to children, and constituted an implied invitation to them to go upon the company's property, into its yards, and upon any cars standing there; that the Martin boy, being attracted by these various devices, went upon the car in question and was killed. In the fourth cause of action, the facts stated in the third are repeated, except that a turntable is substituted as the attractive nuisance, in place of the coal-chute, roundhouse, engines, trains and cars. A general demurrer to the complaint and to each so-called cause of action was overruled, and an answer filed which denied all allegations of negligence on the part of defendants. When plaintiff sought upon the trial of the cause to prove the attractive character of the coal-chute and turntable, an objection was interposed and sustained, and in his brief counsel for respondent says: "The lower

court excluded all evidence as to the third and fourth causes of action.'' Before trial the cause was dismissed as to McMasters. The jury returned a general verdict in favor of Anderson and Biggs and against the railway company. From the judgment entered thereon, this appeal is prosecuted.

The complaint states but a single cause of action set forth [1] in four separate counts. Under section 6536, Revised Codes, a demurrer lies only to an entire complaint or to an entire cause of action. For this reason the trial court did not err in overruling the demurrer to each of the so-called causes of action. However, the same question is preserved in the record by an objection to the introduction of any evidence in support of the allegations of negligence contained in the first, third and fourth counts.

The first count does not charge actionable negligence. The allegation that the car in question had been in its defective condition [2] *for a long time prior to the accident* is too indefinite to impose upon the defendants any duty to make repairs.    (*McEnaney* v. *City of Butte,* 43 Mont. 526, 117 Pac. 893; *Phillips* v. *Butte Jockey Club etc.,* 46 Mont. 338, 42 L. R. A. (n. s.) 1076, 127 Pac. 1011.)    Neither is this count sufficient upon the theory that the railway company was negligent in failing to keep young children out of its Helena yards.    In the absence of statute or ordinance [3] requiring it, the company owed to deceased no duty to guard its yards against his encroachments, and any attempted assumption of the burden of guarding its yards did not create a legal duty upon its part to do so.    In *Barney* v. *Hannibal & St. Joe R. Co.,* 126 Mo. 372, 26 L. R. A. 847, 28 S. W. 1069, it is said: ''But plaintiff's counsel says that defendant assumed the duty of keeping its yards clear of boys, by giving instructions to its yard-hands, *etc.;* but that this duty was neglected, and therefore a cause of action arises alone from this neglect. But if the prior duty did not exist to keep the boys out of the yards, then the mere assumption of a nonexistent duty would be but a gratuity with no precedent or concurrent consideration on which to base it, and therefore no liability would follow such

assumed and pretermitted duty. Mere pretermission of a self-imposed precaution does not constitute actionable negligence.''

It would not aid plaintiff if it be conceded that, from the custom of children in playing in the company's yards, a license to the deceased child was impliedly granted to go upon the car in question; for the car itself was not dangerous. It became dangerous only from being out of repair, and, in the absence of allegations sufficient to charge the company with the duty to repair, the count fails to disclose liability to a licensee upon that theory.

Neither the third nor fourth count states facts sufficient to warrant recovery. There is no causal connection disclosed between the alleged negligent acts and the injury. To make applicable the rule sought to be invoked, in each of these counts, the attractive nuisance itself, or something inseparably connected with it, must have been the proximate cause of the injury. (*Charvoz* v. *Salt Lake City,* 42 Utah, 455, 45 L. R. A. (n. s.) 652, 131 Pac. 901; *McDermott* v. *Burke,* 256 Ill. 401, 100 N. E. 168.) Furthermore, there was not any substantial evidence to support a verdict based upon either of these two counts.

The trial court withdrew the third count from the jury, but [5] should have withdrawn the first and fourth as well. Instead of doing so, it emphasized the error by analyzing to the jury the issues sought to be framed upon the first, second and fourth counts, and in paragraph 19 of the charge advised the jury that, if they found the allegations of any one of these three counts proved by a preponderance of the evidence, the verdict should be for the plaintiff. There is nothing in the general verdict itself, or in the entire record before us, from which it can be determined upon which of the three counts submitted the jury made their finding. We are unable to agree with counsel for respondent that the authorities cited by him sustain the proposition that, if the complaint contains one good count, the presumption will be indulged that the jurors determined that fact and founded their verdict upon it, rather than upon the counts which fail to state facts sufficient to warrant recovery. Jurors are not familiar with the rules governing practice and

procedure, but have a right to assume that any count submitted to them by the court will justify recovery if the evidence supports it. The purpose to be served in instructing a jury is to apprise the members of the rules of law necessary to be considered in their deliberations. If the presumption is to be indulged that the jurors know the law, the court is performing an idle ceremony in instructing them. In *Pevey* v. *Schulenburg & Boeckeler Lumber Co.*, 33 Minn. 45, 21 N. W. 844, the defective count was submitted to the jury without objection from the complaining party. *Scott* v. *Parlin & Orendorff Co.*, 245 Ill. 460, 92 N. E. 318, and *Chicago, W. & V. Coal Co.* v. *Moran,* 210 Ill. 9, 71 N. E. 38, were decided under a statute peculiar to Illinois; while in *Nielsen* v. *Provident Sav. etc. Soc.*, 139 Cal. 332, 96 Am. St. Rep. 146, 73 Pac. 168, the issues framed by the pleadings justify, or at least explain, the expression found in the [6] opinion of the court to which counsel has made reference. A fair and impartial trial comprehends a trial upon issues properly submitted, and, when different theories of the same case are placed before a jury, it is impossible to know upon which the general verdict is made to depend. With equal propriety might it be said that, in a given case where proper and improper evidence has been admitted, the jury made a correct segregation and based their verdict upon the proper evidence alone, as to indulge the presumption in this instance that the jurors separated the good count from the bad ones, and determined the rights of the parties upon it. In submitting to the jury counts 1 and 4, the trial court erred to the prejudice of the substantial rights of this appellant.

In the second count respondent seeks to bring this action [7] within the "attractive nuisance" doctrine, or the doctrine of the turntable cases. The allegations of the count are sufficient, if proved, to warrant recovery under that doctrine which has heretofore received the tacit approval of this court. (*Gates* v. *Northern Pacific Ry. Co.*, 37 Mont. 103, 94 Pac. 751.)

It is not contended that the railway company expressly invited the deceased to come upon its property, or that it was guilty

of wanton or willful acts which occasioned his death, or that it discovered his peril in time to avoid the injury which befell him. If he had been of the age of discretion capable of appreciating [8] the danger into which he was entering, the company could successfully defend this action upon the theory that he was wrongfully upon its property, and that it owed to him no duty except to refrain from willful or wanton acts which might occasion injury. (*Conway* v. *Monidah Trust,* 47 Mont. 269, 132 Pac. 26.)   To forestall the interposition of such a defense, plaintiff alleged that the deceased was but seven years of age and because of his youth and inexperience was incapable of appreciating the dangerous condition of the car in question; that the company maintained the car in such condition that it was unusually dangerous, peculiarly alluring to children of tender years; that it was calculated to attract such children; and that these facts were all known to the company.   This court has never had occasion to make direct application of the principle which is said to have had its origin in *Sioux City etc. R. R. Co.* v. *Stout,* 17 Wall. 657, 21 L. Ed. 745, and which is familiarly known as the doctrine of the turntable cases.   In *Driscoll* v. *Clark,* 32 Mont. 172, 80 Pac. 1, 373, in *Gates* v. *Northern Pac. Ry. Co.,* above, and in *Nixon* v. *Montana etc. Ry. Co.,* 50 Mont. 95, 145 Pac. 8, we referred to the rule at some length, only, however, to determine that none of those cases fell within it.

It will be seen at once that the crucial point in the trial of this case was reached in determining whether the deceased was [9] wrongfully upon the car at the time he received his injury. Upon the trial court was imposed the duty to correctly define to the jury the facts and circumstances which must be made to appear in order to relieve the child from the imputation that he was a naked trespasser.   In instruction 20 the court charged that if an owner of property maintains exposed thereon something which is peculiarly and unusually attractive to children of youth and inexperience, and such children are attracted by such thing, then such children are not trespassers when upon the

property.    Every court which follows and applies the turntable doctrine predicates liability upon the negligence of the land owner—his failure to discharge a duty which he owes to the injured person.    Some of these courts treat the injured party as a trespasser, but excuse the trespass because he was tempted into the place of injury by the wrongful act of the land owner in maintaining the attractive nuisance.    Others treat the injured child as rightfully upon the premises by virtue of an invitation impliedly given by the maintenance of the dangerous and attractive instrumentality; while others hold that a land owner who maintains on his premises an instrumentality of the character of an unguarded and unlocked turntable, with knowledge of its attractiveness to children of tender years, of its potentiality for harm, and the probability that such children will be attracted to it, shall not be heard to say that a child of that class, attracted to and injured by the device, was wrongfully where his childish instincts naturally led him to be.    Under either theory of the doctrine, instruction 20 is erroneous.    A swing or a rose garden might be peculiarly attractive to children of tender years, but it would overturn every rule of law upon the subject to hold that the owner of private grounds, who maintains exposed thereon either the garden or the swing, by implication invites every child of the community upon his property.    Upon the theory of implied invitation—the only one upon which the instruction could be applicable at all—it is erroneous in omitting the very essential element of knowledge on the part of the land owner, that the device is inherently dangerous, that it is unusually alluring to children of tender years, and that such children are, or are likely to be, attracted by it.    In 29 Cyc. 448, it is said: "In such jurisdictions as concede liability for leaving an attractive machine or place unguarded, one of the grounds for liability is that the owner knew or should have known that children were accustomed to go or would likely be attracted thereto, and that from the peculiar nature and open and exposed condition of the thing or place he ought reasonably to have anticipated such an injury as actually happened."    Instruction

16, upon the same subject, is so indefinite and uncertain in its terms that it must have confused, rather than aided, the jury.

Because of the errors indicated above, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.

