NICHOLS, APPELLANT, v. CONSOLIDATED DAIRIES OF LAKE COUNTY, INC., RESPONDENT.

No. 9034.

Submitted October 30, 1951. Decided January 16, 1952.

239 Pac. (2d) 740.

461

Mr. Raymond F. Gray, Ronan, Mr. Wellington D. Rankin, Mr. Arthur P. Acher, Helena, for appellants.

Mr. John D. French, Polson, Messrs. Smith, Boone and Rimel, Missoula, for respondent.

Mr. Gray, Mr. Acher and Mr. Rimel argued orally.

MR. JUSTICE METCALF:

The plaintiff, a child of 12 years of age, was injured while playing upon a passenger elevator in defendant's grain elevator. A general demurrer to the second amended complaint filed by his guardian ad litem was sustained without leave to plead further. He has appealed from the judgment of dismissal.

The first two counts of the complaint are based upon an "attractive nuisance" theory. The attractive nuisance doctrine is recognized by the decisions of this jurisdiction. Gilligan v. City of Butte, 118 Mont. 350, 166 Pac. (2d) 797; Martin v. Northern Pac. Ry. Co., 51 Mont. 31, 149 Pac. 89.

The passenger elevator which allegedly caused plaintiff's injury was located inside the building used as a grain elevator. The passenger elevator consisted of a platform suspended by ropes and was used by the employees to give them access to the grain bins. It was operated by arranging counterbalances approximately to equal the combined weight of the passenger and the elevator cage and then the passenger could pull himself to the top of the building by means of a rope and pulleys.

On the day of the accident the plaintiff stepped on the elevator and the weight of the counterbalances being greater than the combined weight of the boy and the cage, the elevator was pulled to the top of the building and collided with a pulley at the top. The force of the impact broke the rope suspending the cage and it and the boy fell about 50 feet causing the injuries forming the basis of the complaint.

Respondent's brief states the question at issue: "The question in the instant case insofar as it involves the attractive nuisance doctrine is whether that rule can be extended to include a lift or passenger elevator located inside a grain elevator." The defendant contends that the instrumentality that caused

the injury must be the cause of the allurement or the doctrine does not apply.

In Gates v. Northern Pac. Ry. Co., 37 Mont. 103, 94 Pac. 751, 755, Justice Smith for a majority of the court laid down the basis for the attractive nuisance doctrine by his analysis of the "Turntable Cases." "It is my judgment that when the owner or occupier of grounds brings or artificially creates something thereon especially attractive to children, as shown by the nature of the thing itself and the fact that a child was, or children were, attracted to it, and leaves it so exposed that they are likely to come in contact with it, either as a plaything or an object of curiosity, and where their coming in contact with it or playing about it is obviously dangerous to them, the person so exposing the dangerous thing should reasonably anticipate the injury that is likely to happen to them from its being so exposed, and is bound to use ordinary care to guard it so as to prevent injury to them."

In his concurring opinion Justice Holloway outlined the conditions necessary for the application of the doctrine:

"(1) That the injured child was too young and inexperienced to appreciate the danger, and was therefore incapable of contributory negligence. (2) That the injury was caused by an unguarded, dangerous machine, or other dangerous thing peculiarly attractive to children of the class to which the injured one belongs. (3) That the landowner impliedly invited children of that class to come upon his premises. This invitation may be implied from the fact that the landowner knew, or, in the exercise of ordinary care, ought to have known, that such children were in the habit of coming on his premises to play or to gratify their childish curiosity."

A more recent statement of the facts necessary to satisfy the requirements for application of the attractive nuisance doctrine is found in Restatement, Torts, p. 920, sec. 339: "A possessor of land is subject to liability for bodily harm to young children trespassing thereon caused by a structure or other artificial condition which he maintains upon the land, if

"(a) the place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass, and

"(b) the condition is one of which the possessor knows or should know and which he realizes or should realize as involving an unreasonable risk of death or serious bodily harm to such children, and

"(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it, and

"(d) the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein."

In addition to the necessary allegations on other points the complaint alleges that the plaintiff is a boy of tender years; that the injury was caused by the passenger elevator which was a "dangerous and unsafe instrumentality;" that the defendant knew that the grain elevator premises were "peculiarly alluring and attractive to children of tender years" and that prior to the date of the accident the defendant knew or in the exercise of reasonable care and diligence should have known that children were on the premises and playing on and about the passenger elevator that caused the injury. It is further alleged that the defendant permitted children to play upon and with the passenger elevator and failed to secure it so as to prevent children from operating it. Further allegations of negligence are that the elevator was allowed to get out of repair so that the safety catch securing the lift and the safety brakes were in a defective condition.

Such allegations bring the case within the requirement laid down by Justice Holloway in Gates v. Northern Pac. Ry. Co., 37 Mont. 103, 94 Pac. 751, and with section 339 of the Torts Restatement. When it is alleged that the person maintaining the artificial condition knows that children of tender years are on the premises and in the building it is not necessary that the instrumentality be the one that attracted them into the

building. Once in the building the child succumbs to the fascination of the alluring device. When children were permitted to play in and about the grain elevator premises without objection on the part of the defendant, it is implied that they were there with defendant's consent and that the defendant knew or should have known that they would be attracted to and likely to come into contact with such an instrumentality as a self-operated elevator.

The defendant insists that clause "d" of the above rule 339 from the Torts Restatement exempts the elevator from the enforcement of the attractive nuisance doctrine. There is no question but that a passenger elevator is a necessary device in the operation of a grain elevator and has great utility. But in paragraph "f" commenting on clause "d" it is explained that if the installation of safety devices is practicable without burdensome cost or serious interference, it is necessary to install such devices to prevent injury to children. In alleging that the defendant allowed the safety device to become defective and failed to properly secure the lift with a chain, the plaintiff has brought himself within the doctrine.

The second count is like the first except that it is alleged that the defendant *"knew* or should have known" that the condition existed, that children were attracted to the elevator and were playing in and around the premises. This is a sufficient allegation of negligence under the above cases and the rule of the Torts Restatement.

The third count is based on the theory that the plaintiff was on the premises at the invitation of the employee in charge of the grain elevator for the mutual benefit of the employee and the defendant. The complaint then states that the employee "saw that said plaintiff was near the aforesaid passenger elevator and that he might step on same and be injured," and failed to warn him of its danger or take any steps to prevent the plaintiff from stepping upon the passenger elevator which was in a dangerous condition because of its defective brakes and safety catch.

As an invitee the defendant was obliged to exercise reasonable ■ care to protect the plaintiff from injury. Montague v. Hanson, 38 Mont. 376, 99 Pac. 1063. However, the statement that the plaintiff was on the premises for the mutual benefit of the defendant and its employee is a conclusion not supported by any allegation of fact as to what useful purpose he was serving or what the benefit to the defendant was.

Without some supporting facts the allegation at best amounts ■■ to a statement that the plaintiff was a licensee. It is not alleged that the plaintiff as an invitee was on the elevator for the benefit of the defendant and if he departed from the purpose or the area to which he was invited he became a licensee. The duty owed to a licensee is to refrain from acts of wilful and wanton negligence. Hickman v. First Nat'l Bank of Great Falls, 112 Mont. 398, 117 Pac. (2d) 275, and cases therein cited.

That the defendant was put on notice that boys of tender years were allured and attracted by the elevator, thus placing upon the defendant a duty to warn of the danger of the elevator is the theory of the first two counts. The demurrer was properly sustained as to the third count.

The judgment is reversed and the cause remanded with instructions to overrule the general demurrer as to the first two counts, with leave to further plead and for such other disposition as is appropriate.

ASSOCIATE JUSTICES BOTTOMLY, FREEBOURN and ANGSTMAN, concur.

MR. CHIEF JUSTICE ADAIR: (concurring in the result).

I do not agree with all that is said in the majority opinion, but concur in the result. Tested by the rules governing pleadings, the allegations of both the first and second causes of action are sufficient as against defendant's general demurrer.

The owner of an ordinary type of grain elevator such as is common to hamlets and railroad sidings throughout this state is privileged to conduct his business on his own premises with

such machinery, operated in such manner as may be necessary and convenient to make his business successful. This court so held in Nixon v. Montana, Wyoming & S. W. Ry. Co., 50 Mont. 95, 102, 145 Pac. 8, 10, Ann. Cas. 1916B, 299, wherein it said that ''if it does not appear but that the machinery or the use thereof was proper, necessary, and convenient, and that it was especially and unusually attractive to children, and that its unusual attractiveness to children was known, or should have been known, to the owner, no cause of action under the turntable doctrine is stated.''

The decisions having to do with passenger elevators maintained and operated for the accommodation of tenants and guests in office buildings, hotels and apartment houses must not be confused with cases involving the duties and responsibilities of the operators of small grain elevators wherein is maintained a more or less crude and simple manually operated man lift such as was involved in the case of Brandenberg v. Equity Co-op. Exchange, 160 Minn. 162, 199 N. W. 570. Compare Silver King Coalition Mines Co. v. Lindseth, 8 Cir., 19 F. (2d) 221; Crawford v. Rice, 5 Cir., 36 F. (2d) 199; Drew v. Lett, 95 Ind. App. 89, 182 N. E. 547.