300 F.2d 899
 Gertrude J. CALLAHAN, Guardian of Joe Steven Palm, a Minor, Appellant,
v.
Theodore Vern BUTTREY, Sr., Trustee for Theodore Vern Buttrey, Jr.,* and Jerrold Scoutt Buttrey, Theodore Vern Buttrey, Jr., and Jerrold Scoutt Buttrey, Appellees.
 No. 17257.
 United States Court of Appeals Ninth Circuit.
 March 5, 1962.
 
 John Marriott Kline and William A. McCormick, Glasgow, Mont., for appellant.
 Hall, Alexander & Kuenning, Edward C. Alexander, Great Falls, Mont., for appellee.
 Before CHAMBERS and MERRILL, Circuit Judges, and KILKENNY, District Judge.
 CHAMBERS, Circuit Judge.
 
 
 1
 In some way on April 14, 1956, Joe Steven Palm, then seven years old, fell off a roof deck at the rear of the second floor Buttrey apartments in Glasgow, Montana. (The first floor of the building was occupied by a store.) Joe was found unconscious on the asphalt of the alley below. Although with a plate in his skull he has made a good recovery, it would be agreed that he suffered lots of damage.
 
 
 2
 Mrs. Callahan, Joe's mother, as a tenant lived in one of the Buttrey apartments owned by defendants (appellees here). At the apartments there was no place for Joe and other children to play unless they played in their own apartment, someone else's apartment or out behind on the second floor roof deck, which was in two levels.
 
 
 3
 Joe must have fallen to the pavement from the alley side of the lower roof deck. At the point where he evidently lost his balance and toppled over, there was a low wooden rail (2" x 4") thirty-one inches high. Also, horizontally, about midway between the floor of the deck and the top rail was another "2 x 4". Outside the rail, but apparently on the deck, were garbage cans which were placed to serve the apartments.
 
 
 4
 Whether Joe was up on top of the rail or was leaning over it or under it when he fell will never be positively known. A five year old girl, Jackie Hebdon, must have seen him fall. Four years later the court permitted Joe and Jackie to testify. Understandably, lapse of time and their ages at the time of the accident considered, they did not make very good witnesses. Joe said that just before he fell he was leaning over the rail and squirting his gun at boys passing on a motor bike. Jackie indicated he was on top of the top rail shooting his squirt gun at her over the alley toward her in her yard. It is clear that the rail did not break.
 
 
 5
 The court submitted the case to the jury which failed to agree and was discharged. Thereupon, the defendants moved for judgment in accordance with the motion theretofore made and denied. The motion was granted and judgment entered for defendants. And, now in this diversity case, the appeal is before us.
 
 
 6
 The trial judge filed an opinion reported at 186 F.Supp. 715. Familiarity with that will be assumed here.
 
 
 7
 In essence, the opinion held that under Montana law there was no evidence that the defendants breached a duty owing to Joe. The trial judge thought the facts did not lay the basis for liability either outside or within the attractive nuisance doctrine. He relied heavily on comment (e) on clause (c) of section 339, of the Restatement of Torts, which is as follows:
 
 
 8
 "e. A possessor of land is * * under a duty to keep so much of his land as he knows to be subject to the trespasses of young children, free from artificial conditions which involve an unreasonable risk of death or serious bodily harm to them. This does not require him to keep his land free from conditions which even young children are likely to observe and the full extent of the risk involved in which they are likely to realize. The purpose of the duty is to protect children from dangers which they are unlikely to appreciate and not to protect them from harm resulting from their own immature recklessness in the case of known danger. Therefore, even though the condition is one which the possessor should realize to be such that young children are unlikely to realize the full extent of the danger of meddling with it or encountering it, the possessor is not subject to liability to a child who in fact discovers the condition and appreciates the full risk involved therein, but none the less chooses to encounter it out of recklessness or bravado."
 
 
 9
 Generally speaking, landlords stand better legally in negligence where the area leased has gone entirely out of their control to the tenant. But with an area reserved for the common use of several tenants, and over which the landlord retains control, he gains nothing from the law of landlord and tenant. Lake v. Emigh, 121 Mont. 87, 97, 190 P. 2d 550.
 
 
 10
 While here plaintiff-appellant does not expressly argue in terms of attractive nuisance to children, we think therein would be the only hope for Joe and his guardian ad litem. And, we agree with the trial court that that doctrine should not carry this case to the jury. Further, there is not the slightest evidence of any defects in the materials or in the execution of the construction; that is, a substantial "fence" was built which did not give way. We cannot accept the argument that it was a jury question whether the rail was designed properly, whether there should have been any rail at all or one built higher; or whether the area should have been enclosed. Analogies on hypothetical cases not before the court are always dangerous. But if we ruled that this case should go to the jury, wouldn't we have to hold that it was a jury question whether every second story movable window in an area in Montana frequented by children had to have an unlatchable screen? We do not think Montana law has reached that point.*
 
 
 11
 Appellant has a second specification concerning the admissibility of two hospital records which were not received in evidence. Because of our view of the negligence aspect of the case, we do not reach this aspect of the case.
 
 
 12
 The judgment is affirmed.
 
 
 
 Notes:
 
 
 *
 In the original complaint it appears that Theodore Vern Buttrey, Jr., was a minor in 1956 and that his interest in the Buttrey apartments (mentioned herein in the opinion) was in a trusteeship with his father, Theodore, Sr., as trustee. However, by the time the complaint was filed in 1959. Theodore, Jr., had attained his legal majority, and by reason of that fact as to Theodore, Jr., the trust had terminated. Defendants' answer admitted the foregoing facts, but Theodore, Sr., as trustee for Theodore, Jr., was never dismissed from the case so far as the record on appeal shows
 
 
 *
 Montana cases considered by the district court and this court, in addition to Lake v. Emigh, supra, include the following: Nichols v. Consolidated Dairies of Lake County, 125 Mont. 460, 239 P.2d 740, 28 A.L.R.2d 1216; Gates v. Northern Pacific Railway Co., 37 Mont. 103, 94 P. 751; Gilligan v. City of Butte, 118 Mont. 350, 166 P.2d 797; Cassady v. City of Billings, 135 Mont. 390, 340 P.2d 509; Milasevich v. Fox Western Montana Theatre Corp., 118 Mont. 265, 165 P.2d 195