No. 13461

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

RICHARD O. POEPPEL,

      Plaintiff and Respondent,

-vs-

VIRGIL FISHER,

      Defendant and Appellant.

---

Appeal from:  District Court of the Eleventh Judicial
            District,
            Honorable Robert Sykes, Judge presiding.

Counsel of Record:

    For Appellant:

        Murphy, Robinson, Heckathorn and Phillips,
        Kalispell, Montana
        James I. Heckathorn argued, Kalispell, Montana

    For Respondent:

        Morrison, Hedman and Trieweiler, Whitefish,
        Montana
        Terry Trieweiler argued, Whitefish, Montana

---

Submitted:  September 28, 1977

Decided: DEC 16 1977

Filed: DEC 16 1977

*Thomas J. Kearney*
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Defendant Virgil Fisher appeals from the final judgment of the District Court, Flathead County, sitting with a jury. Plaintiff Richard O. Poeppel brought this civil action against defendant seeking money damages for assault and battery. The jury returned a verdict in plaintiff's favor, awarding $5,000 damages.

This cause of action arises out of an altercation that occurred on April 20, 1972, in the Central School, Whitefish, Montana. Plaintiff, a school teacher, alleged he was attacked and struck by defendant, a fellow school teacher, after plaintiff had physically ejected a student from his classroom. Plaintiff filed a timely complaint in the District Court. By stipulation of the parties, adjudication of plaintiff's claim was stayed pending final determination and appeal of the cause entitled Reliance Insurance Co. v. Virgil Fisher, Richard O. Poeppel and Horace Mann Insurance Lo., 164 Mont. 278, 521 P.2d 193. This Court's decision in that cause released both insurance companies from any duty to defend or to pay any damages that might be awarded in the present action.

Defendant subsequently filed an answer to plaintiff's amended complaint and a demand for jury trial. Pursuant to Rule 16, M.R.Civ.P., the District Court ordered a pretrial conference and the preparation of pretrial orders. On February 17, 1976, the District Court issued its pretrial order presenting, among other things, these issues of fact and law to be litigated at trial:

Issues of Fact. 1. Whether the conduct of defendant was provoked by the plaintiff.

2. Whether plaintiff was beating a child and defendant came to the child's rescue.

3. Whether the plaintiff threatened defendant and defendant was acting in self-defense.

4. Whether defendant's attack was malicious and wanton.

5. The nature and extent of plaintiff's injuries.

Issues of Law. 1. The applicability of self-defense or the defense of another to the instant case.

2. Whether punitive damages are applicable in this situation.

The District Court then ordered:

"IT IS HEREBY ORDERED that this pretrial order shall supersede and supplement the pleadings and govern the course of the trial in this cause, unless modified to prevent manifest injustice.

"IT IS FURTHER ORDERED that all pleadings herein shall be amended to conform to this pretrial order."

The matter was tried before the District Court on April 12, 1976. On April 14, 1976, the jury returned its verdict finding in favor of plaintiff and assessing plaintiff's damages in the amount of $5,000. The jury found plaintiff was not entitled to exemplary or punitive damages. Defendant subsequently filed a motion for entry of judgment for defendant. Defendant based his motion on the contention that plaintiff was not entitled to recover from defendant as a matter of law since section 92-204, R.C.M. 1947 (subsequently amended and repealed by section 92-204.1, R.C.M. 1947; approved March 29, 1973; Section 2, Chapter 493, Laws 1973) provided in pertinent part:

"* * * Further provided, that whenever such employee shall receive an injury while performing the duties of his employment and such injury or injuries, so received by such employee, are caused by the intentional and malicious act or omission of a servant or employee of his employer, then such employee, or in case of his death, his heirs or personal representatives, shall in addition to the right to receive compensation under the Workmen's Compensation Act, have a right to prosecute any cause of action he may have for damages

- 3 -

against such servants or employees of his employer, causing such injury. In the event said employee shall prosecute an action for damages for or on account of such injuries so received, he shall not be deprived of his right to receive compensation but such compensation shall be received by him in addition to and independent of his right to bring action for such damages * * *."

Plaintiff filed a memorandum in opposition to defendant's motion for entry of judgment contending that defendant's post-trial motion for judgment notwithstanding the verdict should be denied since it was based upon an affirmative defense, injury by a fellow servant, which was never plead nor proved at trial. Plaintiff further filed a post-trial motion and memorandum in support of additur. Defendant filed objections and a motion to strike plaintiff's memorandum of costs on the ground plaintiff was untimely in filing his memorandum of costs and disbursements.

The District Court denied all post-trial motions and judgment on the verdict was filed June 22, 1976. Notice of entry of judgment was filed June 24, 1976. Defendant deposited a sum of money in the amount of judgment with the clerk of the District Court as supersedeas bond and the District Court entered an order staying execution of judgment pending appeal to this Court.

The following issues are presented for review:

1. Whether plaintiff may recover actual damages by jury verdict in a third party action against a fellow employee for assault and battery when the jury was not instructed on the provisions of section 92-204, R.C.M. 1947, and did not find the tortfeasor acted with malice?

2. Whether plaintiff must claim his costs within five days of a jury verdict?

3. Whether defendant brought this appeal without substantial or reasonable grounds, thereby entitling plaintiff to recover damages pursuant to Rule 32, M.R.App.Civ.P.?

- 4 -

In resolving the first issue, defendant contends the jury's failure to award exemplary or punitive damages to plaintiff is a bar to plaintiff's recovery of actual damages since section 92-204, R.C.M. 1947, provided plaintiff could recover damages from a coemployee causing injury to plaintiff only when such injuries were caused by the intentional and malicious act of the coemployee. In the instant case, the jury's failure to award exemplary or punitive damages is not a bar to the award of actual or compensatory damages. Exemplary or punitive damages are awarded at the discretion of the jury, even though fraud or malice is shown, and are not recoverable as a matter of right. The sufficiency of the plaintiff's allegation and cause of action is determined independent of plaintiff's claim for exemplary or punitive damages. Spackman v. Ralph M. Parsons Co., 147 Mont. 500, 414 P.2d 918 (1966); Gilham v. Devereaux, 67 Mont. 75, 214 P. 606 (1923), reversed in part in Fauver v. Wilkoske, 123 Mont. 228, 239, 211 P.2d 420 (1949); 22 Am Jur 2d, Damages §§ 240,241. Therefore, the jury's failure to award exemplary or punitive damages in the instant case is not equivalent to a finding of no malice.

Furthermore, it is a well accepted proposition of law that malice in law is implied where defendant's conduct is unjustifiable. Fauver v. Wilkoske, 123 Mont. 228, 211 P.2d 420 (1949); Cashin v. Northern Pac. R.Co., 96 Mont. 92, 28 P.2d 862 (1934); Moelleur v. Moelleur, 55 Mont. 30, 173 P. 419 (1918). The jury's finding in favor of plaintiff and assessing damages at the sum of $5,000 is equivalent to a finding that defendant committed the alleged assault and battery, absent justifiable excuse, privilege or defense. Such an assault and battery is an intentional, unjustified act and malice in law is implied. The

- 5 -

jury's failure to award exemplary or punitive damages only implies that the act complained of was not found to be in the spirit of mischief or criminal indifference to civil obligations, but an intentional, unlawful, injurious act was the basis for the jury's award of actual or compensatory damages in plaintiff's favor.

Defendant's second issue concerns the timeliness of plaintiff's submission of a memorandum of costs and disbursements. Section 93-8619, R.C.M. 1947, is controlling:

"The party in whose favor judgment is rendered, and who claims his costs, must deliver to the clerk, and serve upon the adverse party, within five days after the verdict or notice of the decision of the court or referee or, if the entry of the judgment on the verdict or decision be stayed, then before such entry is made, a memorandum of the items of his costs and necessary disbursements in the action or proceeding, which memorandum must be verified by the oath of the party, or his attorney or agent, or by the clerk of his attorney, stating that to the best of his knowledge and belief the items are correct, and that the disbursements have been necessarily incurred in the action or proceeding. A party dissatisfied with the costs claimed may, within five days after notice of filing of the bill of costs, file and serve a notice of a motion to have the same taxed by the court in which the judgment was rendered, or by the judge thereof at chambers."

Here, the jury verdict for plaintiff was announced and filed on April 14, 1976. On April 20, 1976, defendant filed his motion for entry of judgment for defendant. Plaintiff filed his memorandum of costs and disbursements, and other post-trial motions on April 26, 1976. On May 4, 1976, the District Court issued its order denying all post-trial motions. On May 6, 1976, defendant filed his objections and motion to strike memorandum of costs with supporting brief. The District Court denied defendant's motion to strike plaintiff's memorandum of costs and disbursements on June 21, 1976. On June 22, 1976, judgment on the jury verdict was filed and notice of entry of judgment was filed on June 24, 1976.

- 6 -

This Court has held that the five day period allowed for filing of a memorandum of costs and disbursements "is computed from the day the court enters judgment, not from the day the court orally announces its decision." Davis v. Trobough, 139 Mont. 322, 326, 363 P.2d 727 (1961). The District Court's ruling on post-trial motions delayed entry of judgment until June 24, 1976. Plaintiff filed his memorandum of costs and disbursements prior to entry of judgment, on April 26, 1976, and such filing was timely.

Defendant's third issue is plaintiff's claim for damages in accord with Rule 32, M.R.App.Civ.P. We fail to find substantial evidence/that this appeal was taken without substantial or reasonable grounds or only for purposes of delay. Therefore, damages under Rule 32, M.R.App.Civ.P., are denied.

The judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

Justices.

- 7 -