No. 88-441

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989


R. H. GROVER, INC.,
a Montana corporation,

        Plaintiff, Respondent and
        Cross-Appellant,

    -vs-

FLYNN INSURANCE COMPANY,
a Montana corporation,

        Defendant and Appellant,


APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable James Wheelis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Jardine, Stephenson, Blewett & Weaver; William D.
        Jacobsen argued, Great Falls, Montana

    For Respondent:

        Worden, Thane & Haines; Martin King argued, Missoula,
        Montana


Submitted: July 20, 1989

Decided: July 25, 1989

Filed:

_____
              Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Defendant Flynn Insurance appeals a jury verdict and judgment entered in favor of plaintiff in the Fourth Judicial District, Missoula County. The jury returned a verdict March 22, 1988, in the amount of $106,866, to which the district judge added $54,194.28 in prejudgment interest. The District Court denied Flynn's motions for summary judgment, directed verdicts on many issues and for judgment N.O.V. Flynn appeals.

R. H. Grover, Inc. (Grover) cross-appeals the District Court's denial of Grover's bill of costs. The District Court found that Grover's bill of costs in the amount of $4,406.50 was not filed timely under section 25-10-501, MCA.

We affirm.

This case went to the jury on a general verdict form, over the objection of defense counsel, with instructions on the following six separate causes of action:

1) negligent misrepresentation;

2) general negligence;

3) negligent failure to procure insurance;

4) contractual failure to procure insurance;

5) breach of third party beneficiary contract; and

6) promissory estoppel.

Defense counsel moved for directed verdicts, which were denied, on each of the last five claims arguing that plaintiff's only proper claim was negligent misrepresentation and that it was barred as a matter of law. Defendant continues to dispute the applicability of the last five claims sent to the jury.

Thus, the issues on appeal as stated by defendant's counsel are as follows:

Whether the District Court committed reversible error by:

2

1. Giving the case to the jury on a general verdict form which contained one or more inapplicable legal theories;

2. Refusing to grant Flynn judgment as a matter of law on Grover's claim of negligent misrepresentation;[8]

3. Giving Instruction #15 over objection of defense counsel regarding an agent's liability;

4. Refusing Flynn's proposed Instruction #38 instructing that liability could not exceed the policy limits; and

5. Allowing Grover $54,194.28 in prejudgment interest.

The issue on cross-appeal is whether it was error to deny Grover's bill of costs as untimely.

The following facts are not contested.

Grover is a mechanical and plumbing contractor. In 1978-1979 Grover became associated with Fire Protection Analysis, Inc. (Fire Protection). Grover later subcontracted with Fire Protection for the design of fire protection systems (ceiling sprinklers, etc.) to be installed in four major construction projects around Montana.

Problems later arose with these projects. Grover did not pay Fire Protection in full, asserting that it had incurred extensive costs due to Fire Protection's errors and omissions. Fire Protection sued Grover for final payment. Grover counterclaimed for damages due to negligence. As a result, Fire Protection allowed a judgment to be entered in favor of Grover in the amount of $106,866 as compensation for those problems.

Prior to design and construction, Fire Protection had procured for Grover a certificate of professional liability insurance (E & O coverage) from its insurance agent, Flynn. The certificate was dated August 21, 1979, and listed Grover as the certificate holder,

Fire Protection as the insured, policy limits of $400,000 and an expiration date during September of 1980. The certificate specifically listed professional liability insurance issued by CNA Insurance Company as Policy Number AEP 821 357 which covered Fire Protection for its errors and omissions up to $400,000.

The certificate was prepared erroneously a by Flynn employee. Fire Protection did not have professional liability insurance and never had any such coverage or policy.

In exchange for not executing on the judgment against Fire Protection, Grover was assigned all proceeds which may result from Fire Protection's action against Flynn. Grover then proceeded against Flynn directly.

The issues of legal liability, reliance, and damages were disputed and litigated at trial. Grover later stipulated its damages were $106,866 as evidenced by the judgment in the underlying suit.

## I. General Verdict Form

Flynn cites Martin v. N.P. Ry. Co. (1915), 51 Mont. 31, 149 P. 89, for the proposition that it is reversible error to let a verdict rendered on a general verdict form stand if one or more of the legal theories was improper.

In Martin, the plaintiff plead one cause of action (negligence) in four separate counts. The court struck Count III as being too indefinite to impose a duty and submitted the remaining three counts of negligence on a general verdict to the jury which returned a verdict for the plaintiff.

On appeal, this Court held that Counts I and IV likewise should have been stricken for insufficient evidence. In reversing the verdict based on the general verdict form, this Court stated:

> We are unable to agree . . . that if the complaint contains one good count . . . the jurors . . . founded their verdict upon it, rather than upon the counts which fail to state facts sufficient to warrant recovery.
>
> . . .

4

> A fair and impartial trial comprehends a trial upon issues properly submitted, and, when different theories of the same case are placed before a jury, it is impossible to know upon which the general verdict is made to depend.

Martin, 149 P. at 91.

Flynn argues that this 1915 case is good law in Montana and controls on this issue.

Grover maintains that requiring a general verdict form is within the sound discretion of the trial court, pursuant to Rule 49(a), M.R.Civ.P. ("a court may require a jury to return a special verdict") and that reversal requires proof of abuse of discretion.

In support of the argument that no abuse of discretion can be shown, Grover argues, first, that all legal theories were properly submitted because credible evidence supported each theory; and second, that if a general verdict contains one viable theory on which the entire verdict could stand, the verdict ought not be reversed. Grover cites Dunlap v. GMC (Ariz. 1983), 666 P.2d 83 ("General verdict will be upheld when several counts, issues, or theories are submitted to the jury if the evidence on one count, issue or theory is sufficient to sustain the verdict"); and Jenkins v. C. & E. Ry. (Ill. 1972), 284 N.E.2d 392 ("where several causes of action have been alleged and a general verdict results, the verdict will be sustained against a general motion for directed verdict or a motion N.O.V. if there are one or more good causes of action or counts to support it"). We do not agree.

We conclude that Martin is not controlling on this issue because it was decided prior to the adoption of the new rules of civil procedure in 1961. Therefore, the special verdicts known to courts in 1915 may have been different than those now allowed under Rule 49(a). However, we find the reasoning applied in Martin persuasive and conclude that it was error to submit these six issues to the jury on a general verdict form.

The trial court must allow only those claims supported by the evidence to go to the jury. If there is a factual question as to the applicability or validity of particular claims, the preferred solution is to submit the claims to the jury on a special verdict form as allowed under Rule 49(a). Such procedure makes a record more easily reviewable by this Court, thus protecting the rights of both parties.

A motion for directed verdict is properly granted when there is an absence of any evidence to warrant sending the case to the jury. Britton v. Farmers Ins. Group (1986), 221 Mont. 67, 721 P.2d 303. Under this standard of review we conclude that it was error to submit the last four claims to the jury.

As was argued vehemently by defense counsel during motions for directed verdicts on the last four claims, the record is devoid of the critical elements of a contract. Fundamentally lacking was evidence of offer and acceptance, as well as exchange of consideration between Flynn and Grover, or even between Flynn and Fire Protection regarding the professional liability insurance policy.

The record is clear that in 1979 Fire Protection did not request Flynn to procure professional liability insurance and did not pay any premiums for such a policy. It is impossible to find that Flynn's erroneous certificate created a "contract" under which they were bound to procure insurance. Thus, the contractual failure to procure insurance claim must fail as a matter of law.

We also conclude based on the foregoing analysis that it is impossible to imply that Flynn had a "duty" to procure insurance under these facts. Issuing the certificate cannot create a "duty" to procure insurance at a later date. Rather, Montana law requires a client's request to procure certain insurance, followed by an agent's commitment to do the same to put the agent under a "duty" to procure. Lee v. Andrews (1983), 204 Mont. 527, 667 P.2d 919. The claim of negligent failure to procure insurance also fails for want of proof. Absent a duty, there can be no negligent failure

6

to procure insurance.

The contractual claim for a third-party beneficiary contract likewise fails for lack of evidence regarding the critical elements of a contract under this analysis. The record is devoid of any evidence regarding offer and acceptance, intent to create a contract for Grover's benefit and consideration. This claim is not supported by the evidence.

Grover also asserted a claim of promissory estoppel. Grover claimed that Flynn's certificate was a promise that the insurance policy existed. Once Flynn promised that, Grover argues, it should be estopped from denying the same. We do not agree. The certificate cannot be a contract or a promise. Flynn Insurance has promised nothing by issuing the certificate. The promissory estoppel claim likewise should have been dismissed under defendant's motion for directed verdict for lack of evidence of a "promise."

Based on the foregoing discussion, we conclude at least these four claims were submitted erroneously to the jury on the general verdict form. This Court disapproves of counsel pleading and urging the submission to juries of claims for which there is no basis in admissible evidence. More certainly, this Court will find error when a trial court allows juries to consider a claim when no law or fact exists in support thereof.

The error committed under the facts of this case was not reversible error.

Rule 61, M.R.Civ.P., provides:

> Harmless error. No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every

> stage of the proceeding must disregard any
> error or defect in the proceeding which does
> not affect the substantial rights of the
> parties.

Our careful review of the record and analysis of the applicable law as stated above leads us to conclude that the trial judge did not commit reversible error in any of the issues raised by appellant. Therefore, we omit any discussion regarding the contested jury instructions. We affirm the District Court's judgment and order in its entirety based on the following analysis.

We hold that substantial injustice would occur by denying Grover's jury verdict based on the remaining two claims: general negligence and negligent misrepresentation. Specifically, we note the record as it refers to general negligence.

Grover asserted that Flynn Insurance committed general negligence which damaged Grover apart from and in addition to the issuance of the faulty certificate. We agree. The record is replete with such evidence: inadequate supervision of an employee new to the job, failure to follow other established internal office procedures which would have caught the error immediately and failure to notify Grover.

The District Court gave the jury instruction No. 40, "You are instructed that Flynn Insurance Agency was negligent." This instruction was equivalent to a directed verdict on the issue of the negligence of appellant Flynn. Having been directed as a matter of law that they will find Flynn negligent in its issuance of the certificate of professional liability insurance, the jury had only left to decide if there was a causal connection between Flynn's negligence and Grover's damages which were stipulated to be $106,866. Based on these facts, we conclude that the jury verdict is based on the law and substantial credible evidence. Reversal of the verdict would constitute substantial injustice to Grover. However, in the absence of a directed verdict on Flynn's

negligence, reversal would be mandated under this general verdict form.

Thus, under the facts of this case, and under the standard set forth in Rule 61, the errors committed by the trial judge regarding the general verdict form were not reversible error.

At this juncture, we must discuss Flynn's contention that the damage award must still be overturned as a matter of law.

Flynn argues that notwithstanding the directed verdict, Grover is not entitled to any damages because its claims are barred as a matter of law by the statute of limitations. The jury was instructed on the various claims that the applicable limitations were two years (negligent misrepresentation), three years (negligence), five years (oral contract) and eight years (actions founded upon a written instrument). Flynn argues that these instructions were reversible error because all claims should hinge on the two year limitation, which had expired.

Based on our discussions in White v. Lobdell (1984), 208 Mont. 295, 678 P.2d 637, the parties below agreed that the statute of limitations for negligent misrepresentation claims is two years. See White, 678 P.2d at 642 and section 27-2-203, MCA. This limitation begins to run when the plaintiff "discovers" the misrepresentation. Section 27-2-203, MCA. Under Mobley v. Hall (1983), 202 Mont. 227, 657 P.2d 604, "discovery" occurs when the plaintiff acquires such facts as would reasonably prompt inquiry or action.

Grover argues that his March 19, 1984, complaint was filed timely. Regarding the date of discovery, Grover testified to the jury that he did not discover that the certificate was erroneous until 1983, well within the two year limitation. Grover argues that the jury must decide if a claim is time-barred when conflicting evidence as to the date of accrual of the action is presented. Hill v. Squibb (1979), 181 Mont. 199, 592 P.2d 1383. The jury found in favor of Grover and he asserts that this verdict should

be upheld.

Flynn asserts that the verdict should be stricken as a matter of law because "discovery" occurred at least by January 1982 and thus the claim was time-barred under the two year limitation. Flynn introduced into evidence a letter dated in January 1982 which was written to Grover by Fire Protection's attorney. The letter generally sought a settlement rather than a trial of the dispute between Fire Protection and Grover and stated ". . . assuming you win, you will collect nothing since we have no insurance . . . " This letter was all that Flynn introduced regarding "discovery." From there it made only conclusory arguments that the letter necessarily constituted discovery of such facts as would lead a reasonable person to inquiry. (Regarding this letter, Grover testified that he simply did not understand the letter to mean this certificate which he held was inaccurate.)

In its appellate brief, Flynn further argued that since all of Grover's claims were based upon Flynn's erroneous representation, all claims are barred by the same two year statute of limitations which expired in January of 1982, two months prior to Grover's complaint being filed.

We do not agree. However, we do not find Grover's version of the events persuasive either.

The liability of Flynn could be characterized properly as founded on an instrument in writing (thus bearing an eight year limitation on the action), however it need not necessarily be characterized so. The action for general negligence (the record is replete with evidence of Flynn's negligence) is controlled by the three year limitation found in section 27-2-204, MCA. The jury was instructed properly on that limitation. Further, as discussed above, the trial judge directed a verdict on the issue of general or ordinary negligence. We conclude under this analysis that Grover's action is not barred as a matter of law and that the jury verdict was lawful. We reject Flynn's plea to overturn the

10

verdict.

## II. Prejudgment Interest

Prejudgment interest can be awarded by the trial judge pursuant to section 27-1-211, MCA, when the following three criteria are met: (1) there is an underlying monetary obligation; (2) the amount of recovery is certain or capable of being made certain by calculation; and (3) the right to recovery vests on a particular day.

Flynn asserts that there is no monetary obligation until the jury determines liability. Palmer v. Farmers Insurance Exchange (Mont. 1988), 761 P.2d 401, 45 St.Rep. 1694 ("when liability is contested . . . the conditions [of section 27-1-211] fail since no monetary obligation exists until the day the jury determines the degrees of comparative negligence. The right to recover does not vest until the jury returns its verdict.")

Flynn also asserts that Grover contested the amount of damages as being above and beyond the $106,866 judgment. Flynn contends that Grover is trying to have its cake and eat it too with regard to whether or not these damages are a fixed amount.

Grover distinguishes Palmer in that there are no issues of comparative negligence in the case at bar (thus there would be no later reduction in the damages) and asserts that the fixed amount of the previous judgment on a particular day satisfies this entire statute. The trial court agreed with Grover.

We conclude there is no error in the trial court's analysis of this issue. The parties stipulated during trial as to the amount of Grover's damages on the underlying suit (those damages attributable to Fire Protection's negligence regarding the sprinkler system designs). That amount was reflected in the $106,866 default judgment against Fire Protection. That judgment was rendered December 31, 1982. These facts certainly fulfill all three requirements of section 27-1-211, MCA.

11

Prejudgment interest was awarded properly.

## CROSS-APPEAL

### Bill of Costs

Section 25-10-501, MCA, reads in pertinent part:

> The party in whose favor judgment is rendered and who claims his costs must deliver to the clerk and serve upon the adverse party, within 5 days after the verdict or notice of the decision of the court or referee or, if the entry of the judgment on the verdict or decision be stayed, then before such entry is made, a memorandum of the items of his costs and necessary disbursements in the action or proceeding, which memorandum must be verified by the oath of the party, his attorney or agent, or the clerk of his attorney . . .

Verdict was rendered March 22, 1988, and judgment was entered upon it on March 30, 1988. Grover received the judgment on April 4, 1988, and filed its bill of costs on April 5, 1988.

The District Court struck Grover's bill as untimely because it was not filed within five days after the verdict. We agree.

Grover relied on Funk v. Robbin (1984), 212 Mont. 437, 689 P.2d 1215, wherein this Court allowed costs under section 25-10-501, MCA, the bill for which was filed long after the decision of the court was rendered. That case quoted Poeppel v. Fisher (1977), 175 Mont. 136, 572 P.2d 912, as follows:

> This Court has held that the five-day period allowed for filing of a memorandum of costs and disbursements is computed from the day the court enters judgment, not from the day the court orally announces its decision.

Poeppel, 572 P.2d at 1221.

Funk and Poeppel are not controlling on this issue because they involved bench trials. The statute and the case at bar both deal with jury verdicts. By taking matters under advisement, the trial judge has more latitude than a jury as to when it will render

12

its decision.  Thus, the announcement of a decision by the bench is not comparable to the jury rendering its decision.  Lastly, we note that even in <u>Funk</u> and <u>Poeppel</u>, the bill for costs was filed <u>prior</u> to entry of the judgment.

Grover's bill was properly stricken.

In summary, we conclude the errors committed by the trial court regarding the general verdict form are not reversible error and therefore, affirm the District Court's judgment based on the jury verdict.  We find no error in the District Court's other evidentiary rulings.  Likewise, the trial court's rulings awarding prejudgment interest and denying Grover's bill of costs were correct.  The District Court's judgment is affirmed in its entirety.

_____
Chief Justice

We concur:

_____
_____
_____
_____
_____
_____
Justices

13